PER CURIAM.
The defendant appeals her conviction for possession of cocaine. Based on our review of the record and the state’s confession of error, we reverse the conviction.
Pursuant to a consent search, police seized 138 grams of cocaine from a box in defendant’s car and a small bag containing a half gram of cocaine from her purse. The defendant was charged by information in count I with trafficking in cocaine by possessing over 28 grams but less than 200 *1170 grams of cocaine m violation of section 893.135, Florida Statutes (1985) and in count II with possession of cocaine in violation of section 893.13, Florida Statutes (1985). At the conclusion of her trial, the jury returned verdicts of guilty on both the trafficking and the possession counts.
The defendant claims and the state concedes that it was error to convict the defendant of the count II possession charge since under Florida law, the defendant could not simultaneously be convicted of both possession of cocaine as well as trafficking in the drug based on contemporaneous possession of a small amount of the drug in her purse and a larger amount in the box in her car. Such dual convictions violate the constitutional proscription against double jeopardy. See W.B.M. v. State, 452 So.2d 659 (Fla. 3d DCA 1984); Jackson v. State, 418 So.2d 456 (Fla. 4th DCA 1982).
The offense involved here occurred on May 1, 1987. Consequently, as stated in Jones v. State, 546 So.2d 126 (Fla. 3d DCA 1989), “[T]his result is compelled by Carawan v. State, 515 So.2d 161 (Fla.1987), and is not affected by ch. 88-131, § 7, Laws of Fla., the amendment to section 775.021(4), Florida Statutes (1987) which became effective July 1, 1988. State v. Smith, 547 So.2d 613 (Fla.1989.)”
Accordingly, we reverse the conviction for possession of cocaine and affirm that for trafficking in the substance. The vacation of the conviction and sentence for the possession charge does not reduce the point score on the defendant’s guidelines score sheet on the trafficking conviction; thus, resentencing is not required.
Affirmed in part; reversed in part.