OVERTON, Justice.
The State of Florida petitions this Court to review Stenson v. State, 573 So.2d 1022 (Fla. 2nd DCA 1991), in which the Second District Court of Appeal affirmed Sten-son’s convictions and sentences for two counts of selling cocaine but vacated his convictions and sentences for two counts of possession of cocaine. The district court certified the following question as being of great public importance:
WHEN A DOUBLE JEOPARDY VIOLATION IS ALLEGED BASED ON THE CRIMES OF SALE AND POSSESSION (OR POSSESSION WITH INTENT TO SELL) OF THE SAME QUANTUM OF CONTRABAND AND THE CRIMES OCCURRED AFTER THE EFFECTIVE DATE OF SECTION 775.021, FLORIDA STATUTES (SUPP.1988), IS IT IMPROPER TO CONVICT AND SENTENCE FOR BOTH CRIMES?
Id. at 1022. We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution.
We recently addressed this same certified question in State v. McCloud, 577 So.2d 939 (Fla.1991), and in State v. V.A.A., 577 So.2d 941 (Fla.1991), and we answered the question in the negative. In accordance with those decisions, we quash that part of the district court’s decision in Sten-son vacating Stenson’s convictions and sentences for two counts of possession of cocaine. We remand for proceedings consistent with this opinion.
It is so ordered.
SHAW, C.J., and McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.