645 So.2d 1028 (1994)
Ezekiel PETERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 92-3443.
District Court of Appeal of Florida, Fourth District.
October 26, 1994.
Rehearing and Certification Denied December 27, 1994.
Richard L. Jorandby, Public Defender, and David McPherrin, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Edward L. Giles, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant Ezekiel Peterson was convicted below of sale, delivery or possession with *1029 intent to sell or deliver cocaine under section 893.13(1)(a), Florida Statutes (1991). He was also found guilty of possession of cocaine under section 893.13(1)(f), Florida Statutes (1991).[1] The trial court adjudicated and sentenced Peterson for both offenses. The evidence at trial was that Peterson sold a cocaine rock to an undercover officer. He had obtained the rock from a codefendant who took it from a vial. After both men were arrested, the vial was seized. It contained 32 cocaine rocks.
Peterson argues that he may not be convicted under section 893.13(1)(a) and also under section 893.13(1)(f) for possession of the same quantity of cocaine. We agree with the First District's analysis of these two criminal statutes in St. Fabre v. State, 548 So.2d 797 (Fla. 1st DCA 1989). Therefore, we reject Peterson's contention that the two judgments and sentences were error.
Of the other points raised by Peterson, we find reversible error in two aspects of the sentence. At the sentencing hearing, Peterson's guideline scoresheet permitted a sentence between 2 1/2 and 5 1/2 years incarceration. On the sale count, a second degree felony, Peterson was sentenced to 5 1/2 years in the Department of Corrections to be followed by 3 years probation. In addition, Peterson was ordered to spend the first year of probation in a probation and restitution center. Mandatory residency at a probation and restitution center, even as a condition of probation, is "incarceration" within the meaning of the sentencing guidelines.[2]See Solis v. State, 622 So.2d 584 (Fla. 2d DCA 1993); Parker v. State, 636 So.2d 794 (Fla. 1st DCA 1994). Thus, Peterson's sentence exceeded the permitted guideline sentence by one year. Contrary to Florida Rule of Criminal Procedure 3.701(d)(11), there was no written statement delineating the reasons for the departure. From the record, the trial judge did not know that he had imposed a departure sentence. On remand, the resentencing shall be conducted pursuant to Roberts v. State, 547 So.2d 129 (Fla. 1989) and State v. Betancourt, 552 So.2d 1107 (Fla. 1989).
A second sentencing error was the imposition of $611 for public defender fees and costs. § 27.56, Fla. Stat. (1991). At the sentencing hearing, Peterson was not advised of his "right to a hearing to contest the amount of lien." Fla.R.Crim.P. 3.720(d)(1). Merely advising a defendant of a right to appeal does not fulfill the notice requirement of rule 3.720(d)(1). On remand, Peterson shall be advised of his right to a hearing to contest the amount of the lien imposed. If he requests a hearing, one should be set pursuant to rule 3.720(d)(2).
GLICKSTEIN, KLEIN, JJ., and GROSS, ROBERT M., Associate Judge, concur.
NOTES
[1] The judgment of conviction signed by the trial court indicates conviction under section 893.13(1)(b) instead of section 893.13(1)(f). The information and the record below demonstrate that this was a clerical error.
[2] In its supplemental brief, the state concedes this point.