659 So.2d 1259 (1995)
Jasper REEVES, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2489.
District Court of Appeal of Florida, Fourth District.
August 30, 1995.
Richard L. Jorandby, Public Defender, and Ellen Morris, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, Judge.
Jasper Reeves appeals from a final judgment and sentence convicting him of both possession and sale of cocaine. He raises two points on appeal, one directed to his conviction, which we affirm, and the other directed to his habitual felony offender sentence, which we reverse.
Reeves entered an open plea of nolo contendere to charges of possession of cocaine and sale of cocaine which arose out of a *1260 single episode which occurred on January 24, 1994. Reeves now contends that his conviction for possession of cocaine cannot stand because it was the core offense which comprised the sale of cocaine, and as such violates the double jeopardy clause of the United States and Florida Constitutions. See Sirmons v. State, 634 So.2d 153 (Fla. 1994) (defendant could not be convicted separately for robbery with a weapon and grand theft because they were dual convictions based on the same core offense of theft); and Lundy v. State, 596 So.2d 1167 (Fla. 4th DCA 1992) (double jeopardy clause prohibited convictions for trafficking in cocaine in a box and possession of cocaine in a bag in the passenger compartment of a car, as the element of possession is required for the proof of each crime).
The state cites several cases which we agree vitiate Reeves's double jeopardy argument with regard to separate convictions for sale of a controlled substance and possession of that same controlled substance. See State v. McCloud, 577 So.2d 939 (Fla. 1991) (holding that possession of cocaine was not a lesser included offense of sale of cocaine and, therefore, defendant could be convicted of both possession and sale of the same quantum of cocaine pursuant to amended dual conviction statute,[1] because situations exist where sale could occur without possession, so that possession was not essential element of crime); State v. Stenson, 587 So.2d 1144 (Fla. 1991) (separate conviction and sentence for both sale and possession with intent to sell the same quantum of contraband did not violate double jeopardy); State v. Robinson, 581 So.2d 158 (Fla. 1991) (defendant may be convicted of and sentenced for sale and possession of the same quantum of contraband). In accordance with the above case law, we affirm both the conviction for sale and possession of cocaine.
However, we do agree that it was illegal to sentence Reeves for possession of cocaine under the habitual felony offender statute, as that statute does not permit habitualization of a defendant where the felony for which the defendant is sentenced involves the possession or purchase of a controlled substance. § 775.084(1)(a)(3), Fla. Stat. (1993). See Perez v. State, 647 So.2d 1007 (Fla. 3d DCA 1994) (holding that habitual offender statute did not permit habitualization of defendant convicted of cocaine possession, even if the sentence was a result of a plea agreement). Accordingly, we reverse and remand for Reeves to be resentenced only on the possession of cocaine charge.
DELL and STONE, JJ., concur.
NOTES
[1] The statute to which the court is referring is section 775.021(4), which provides in pertinent part:

(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.