676 So.2d 1001 (1996)
Daniel GIBBS, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1244.
District Court of Appeal of Florida, Fourth District.
June 19, 1996.
*1002 Jonathan Jay Kirschner of Kirschner & Garland, P.A., Fort Pierce, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Carol Cobourn Asbury, Assistant Attorney General, West Palm Beach, for appellee.

EN BANC
FARMER, Judge.
Because of a conflict in our published decisions on the issue whether a defendant can be separately punished for multiple offenses under sections 893.13 and 893.135, Florida Statutes (1991), we have granted review en banc to harmonize them.
In Jackson v. State, 418 So.2d 456 (Fla. 4th DCA 1982), we held that a single controlled substance possessed both on the person and in a vehicle could not give rise to separate prosecutions. In Lundy v. State, 596 So.2d 1167 (Fla. 4th DCA 1992), we held that the Double Jeopardy Clause of the federal Constitution prohibited separate convictions and punishment for simple possession and trafficking possession of the same cocaine. More recently, however, in Peterson v. State, 645 So.2d 1028 (Fla. 4th DCA 1994), we held that the defendant could be separately convicted and punished for possession with intent to sell and simple possession of the same drugs.
Defendant in this case was arrested for driving on a suspended license. At the time of arrest his hand clutched a piece of cellophane containing a substance that proved later to be cocaine. A search of his automobile later revealed two hidden ziplock plastic bags, wrapped in cellophane and stored inside a paper bag. These two ziplock bags contained a substance that also proved later to be cocaine.[1] Defendant argues under Lundy and Jackson that his separate convictions and consecutive punishments for simple possession and trafficking possession of this cocaine must be reversed. The state argues under Peterson that separate convictions and consecutive sentences for these crimes are entirely permissible. We agree with the state and recede from anything in Jackson and Lundy to the contrary.
Under Blockburger[2] analysis, it is constitutional for the state to prosecute offenses separately even though they arise from a single transaction or episode. State v. Smith, 547 So.2d 613 (Fla.1989); section 775.021(4), Florida Statutes (1995). Moreover, for double jeopardy analysis one looks only to the statutory elements of the crimes charged, and not to the charging document or the evidence adduced. State v. Baker, 456 So.2d 419 (Fla.1984).
It is suggested that Sirmons v. State, 634 So.2d 153 (Fla.1994), supports defendant's argument contending a double jeopardy violation in this case. Sirmons is the head of a line of cases from the supreme court, including State v. Thompson, 607 So.2d 422 (Fla. 1992), and Johnson v. State, 597 So.2d 798 (Fla.1992), dealing with double jeopardy and crimes involving penal variations on the essential act of theft. The two convictions in Sirmons were grand theft of an automobile and robbery, all arising from a single act of stealing an automobile. The crimes in Johnson were burglary of a conveyance, grand theft of property, and grand theft of a firearm. In Thompson the crimes were sale of a counterfeit controlled substance and felony petit theft. Sirmons states that it applies *1003 the same rationale as the court used in Johnson and Thompson.
In Johnson the court explained:
"The theft occurred when Johnson wrongfully took the property of another. He did this in one swift motion. The degree of the crime of theft depends on what was taken. Because of the value of the property, his crime was a third-degree felony. Because part of the goods he took was a firearm, his crime additionally is defined as a third-degree felony. Subsection 812.014(1), Florida Statutes (1989), defines the crime of theft, and subsection 812.014(2) sets the degree of the crime committed under subsection (1). We conclude that the value of the goods or the taking of a firearm merely defines the degree of the felony and does not constitute separate crimes. A separate crime occurs only when there are separate distinct acts of seizing the property of another."
Johnson, 597 So.2d at 799.
In Thompson, the court adopted as its own the opinion of the district court. The district court's opinion reasoned:
"The Florida Legislature has announced its intent that there should be separate and multiple convictions for each statutory offense that is committed during the course of a criminal transaction or episode. In section 775.021(4)(b) the Legislature set out basically only two exceptions to this policy. Subsections 1 and 3 are encompassed by the Blockburger test: statutory offenses which require proof of all of the same elements of proof; and those that require fewer, but identical elements of proof, which are necessarily included in the elements of the greater offense. Subsection 2 excepts `degree' crimes, such as the various forms of homicide.
"If the Blockburger test is applied to the two crimes in this case, they are not `the same offense' because each has an essential element that the other lacks. Fraudulent sale requires a completed sale of a particular item (counterfeit contraband). Felony petit theft requires proof of prior petit thefts, and the wrongful obtaining of property worth less than $300. Thus, as in the sale and possession of the same bits of rock cocaine, Blockburger or section 775.021(4)(a) and (b) do not bar multiple convictions in the same prosecution.
"However, the fraudulent sale crime is placed in Chapter 817, which covers various fraudulent practices. Most of those crimes defined in chapter 817 could have historically been prosecuted as a form of larceny or theft. See, e.g., Paulk v. State, 344 So.2d 304 (Fla. 2d DCA 1977) (pest inspector who made misrepresentations and planted termites in attic to obtain contract could be prosecuted for larceny by trick). Chapter 817 breaks down larceny by fraud into fact-specific categories, such as obtaining property by fraudulent promise to furnish inside information, procuring assignments of produce upon false representations, making false invoices to defraud an insurer, etc.
"Felony petit theft, on the other hand, is listed as a crime under the more general Anti-Fencing Act, Chapter 812, Florida Statutes. Florida's Anti-Fencing Act, when enacted in 1977, eliminated technical distinctions between different theft and theft-related offenses in an effort to simplify prosecutions involving the wrongful acquisition by one person of the property of another. As used in the statute defining the crime of theft, the term `obtains or uses' means any manner of taking or exercising control over property, or making any unauthorized use, disposition, or transfer of property. This would include obtaining property by fraud, conduct previously known as stealing, conversion, embezzlement, or other conduct similar in nature. See Sec. 812.012(2), Florida Statutes (1989).
"At present, Florida's criminal code still retains specific theft statutes regarding particular property or practices, such as the fraudulent practices defined in Chapter 817. It appears that the specific statutory offenses of theft, such as those contained in Chapter 817, are different degrees (or more specific descriptions) of the general statutory offense of theft defined in Chapter 812. Accordingly, an act of criminal fraud should be prosecuted either under *1004 Florida's Anti-Fencing Act or under a more specific statute contained in Chapter 817, if applicable, but the legislature did not intend for the same act of criminal fraud to be prosecuted under both statutes as separate offenses. All specific theft by fraud offenses are theoretically subsumed in the general Anti-Fencing Act, not in terms of comparing the essential elements of each offense, but in substance and by definition, since the Anti-Fencing Act broadly encompasses and proscribes these criminal frauds.
"This case presents an unusual example of two statutory offenses which are not the `same' for Blockburger purposes, but which may nevertheless be barred from double conviction because of the historical development of the criminal code with regard to thefts. In this case there was one fraudulent sale prosecuted under the fact-specific statute. The general statutory offense (felony petit theft) may have been superseded by passage of the specific statute, for this fact situation, although this issue is not before us. However, we hold section 775.021(4)(b) bars concurrent prosecution for the general theft crime together with the specific crime. The specific theft crimes have become `degrees' of the generally defined theft crime in Chapter 812, based on the history and current revision of Florida's theft statute."
Thompson v. State, 585 So.2d 492, 493-95 (Fla. 5th DCA 1991).
Finally, in Sirmons the court said:
"In the present case, Sirmons was convicted of robbery with a weapon and grand theft of an automobile. As in Johnson [ v. State, 597 So.2d 798 (Fla.1992)] and [State v.] Thompson [607 So.2d 422 (Fla.1992)], these offenses are merely degree variants of the core offense of theft. The degree factors of force and use of a weapon aggravate the underlying theft offense to a first-degree felony robbery. Likewise, the fact that an automobile was taken enhances the core offense to grand theft. In sum, both offenses are aggravated forms of the same underlying offense distinguished only by degree factors. Thus, Sirmons' dual convictions based on the same core offense cannot stand."
634 So.2d at 154.
The supreme court has confronted double jeopardy claims in connection with the drug laws since the legislature amended section 775.021(4) in response to the court's Carawan decision.[3] The leading case is State v. McCloud, 577 So.2d 939 (Fla.1991), where the dual convictions involved sale of cocaine and possession (or possession with intent to sell) of cocaine. In finding no double jeopardy violation, the court said:
"Section 775.021(4)(b) of the Florida Statutes (Supp.1988) currently permits dual convictions and sentences for offenses based on one act, subject to certain enumerated exceptions. McCloud asserts that possession and sale of the same quantum of cocaine is an exception under the category of "subsumed" elements in subsection 775.021(4)(b)(3). In other words, McCloud argues that he cannot be convicted of possession of cocaine and sale of the same cocaine because possession is a lesser-included offense of sale.

"The state argues that possession is not a lesser-included offense of sale because under section 775.021(4) (codifying the test established in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)), each offense contains an element that the other does not: the crime of sale does not require possession as an element, and the crime of possession does not require sale as an element.
"The state further relies on several lower court cases to support its argument. In Portee v. State, 392 So.2d 314, 315 (Fla. 2d DCA 1980), approved, 447 So.2d 219 (Fla. 1984), the court concluded that possession is not a lesser-included offense of sale:
`While a seller of marijuana might in the ordinary case also possess the marijuana sold, possession is not an essential aspect of the sale.'
"Similarly, in Daudt v. State, 368 So.2d 52 (Fla. 2d DCA), cert. denied, 376 So.2d 76 (Fla.1979), Daudt was an intermediary *1005 in a marijuana transaction. The court found he neither actually nor constructively possessed the contraband, so it reversed the possession conviction but affirmed the sale conviction. Cf. State v. Daophin, 533 So.2d 761 (Fla.1988) (holding that possession is not a lesser-included offense of delivery).
"An offense is a lesser-included offense for purposes of section 775.021(4) only if the greater offense necessarily includes the lesser offense. We conclude that because there are situations, as illustrated by the above cases, where a sale can occur without possession, possession is not an essential element of sale and is therefore not a lesser-included offense." [e.s.]
McCloud, 577 So.2d at 940; see also State v. Stenson, 587 So.2d 1144 (Fla.1991); State v. Robinson, 581 So.2d 157 (Fla.1991); State v. Oliver, 581 So.2d 1304 (Fla.1991); State v. Dukes, 579 So.2d 736 (Fla.1991); State v. V.A.A., 577 So.2d 941 (Fla.1991). The Sirmons line of cases do not cite, refer to, or rely on the McCloud line of cases dealing with drug violations. Neither does Sirmons purport to overrule or recede from McCloud. We thus have no reason to believe that Sirmons was intended to be an expression of the double jeopardy consequences of multiple drug convictions and punishments.
As the court did in the cases discussed, we look to the legislative expression of intent to determine whether crimes are separate, on the one hand, or essentially degrees or lesser included offenses of a single crime. Section 775.021(4)(b) provides:
"(4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.

"(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:

1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense." [e.s.]
Plainly, the two offenses in this case each contain an element that the other lacks. The trafficking possession of cocaine statute[4] requires a knowing intent to possess more than 28 but less than 400 grams of cocaine. The simple possession statute[5] requires mere possession of any controlled substance.
The question thus presented is whether simple possession of a controlled substance is a necessarily included lesser offensei.e. one whose elements are subsumed by the greater offenseof trafficking possession of cocaine. Significantly, the Florida Standard Jury Instructions for criminal cases list no necessarily included lesser offenses for the crime of *1006 trafficking possession of cocaine.[6] Hence the question is answered in the negative, from which it follows that there is no double jeopardy violation from separate convictions and punishment for the offenses of trafficking possession of cocaine and simple possession of a controlled substance.
To the extent that the previous decisions of this court in Jackson, Lundy and Peterson are inconsistent with this holding, we hereby recede from them.[7] Because the issue in this case arises frequently throughout the state and affects numerous prosecutions in this and other districts, we certify to the supreme court the following as a question of great public importance:
May a person be separately convicted and punished for trafficking possession of cocaine and simple possession of a controlled substance for the same quantity of cocaine?
AFFIRMED.
GUNTHER, C.J., and GLICKSTEIN, WARNER, POLEN, KLEIN, PARIENTE and SHAHOOD, JJ., concur.
STONE, J., concurs in part and dissents in part with opinion, in which DELL and STEVENSON, JJ., concur.
GROSS, J., concurs specially with opinion, in which KLEIN and PARIENTE, JJ., concur.
STONE, J., concurring in part and dissenting in part.
Although I concur in the result and in the certified question, I dissent from the decision to consider this appeal en banc and from the balance of the majority opinion.
I concur in the result, because I believe that Appellant could properly be convicted of two separate and distinct acts of possession. One, of the cocaine found on the cellophane wrapper clutched in his fist, discovered in the course of placing him in handcuffs; the other, for the trafficking amount found in baggies wrapped in fabric softener sheets hidden in the back seat of the car. There is no evidence that the two are related. That, together with Appellant's statements, and his defense, denying knowledge of the secreted stash in the back seat, while at the same time acknowledging concealment of the cellophane wrapper in his hand, distinguish this case from Lundy v. State, 596 So.2d 1167 (Fla. 4th DCA 1992). Cf. Mosely v. State, 659 So.2d 1342 (Fla. 5th DCA), rev. denied, 666 So.2d 144 (Fla.1995). But see Deltoro v. State, 546 So.2d 1169 (Fla. 3d DCA 1989), with which I would acknowledge conflict. Therefore, in my judgment, it is not necessary to reach the larger issue treated en banc.
Were it not for Sirmons v. State, 634 So.2d 153 (Fla.1994), I would feel compelled to concur in the majority's reasoning on the authority of State v. Smith, 547 So.2d 613 (Fla.1989). However, applying Sirmons, I cannot conclude that one may be convicted of both trafficking by possession and possession of the same drugs without violating double jeopardy rights. See also Rozier v. State, 620 So.2d 194 (Fla. 1st DCA), rev. denied, 629 So.2d 135 (Fla.1993), in which the court held that double jeopardy concerns prevent conviction under both section 893.13(1), Florida Statutes, possession of controlled substance, and section 951.22, Florida Statutes, which makes unlawful both the introduction into or possession of contraband upon the grounds of a detention facility.
Although, as the majority opinion correctly recognizes, the possession in this case does violate two separate and distinct statutes, I would apply the reasoning used by Justice Kogan in his concurring opinion in Sirmons, to conclude that the legislature intended to apply the statutory exceptions in section 775.021(4) to permissive lesser included offenses; here to simple possession, as a permissive lesser of trafficking (by possession). I can discern no reason to treat this lesser offense differently from that in Sirmons.
*1007 The effect of not applying Sirmons to these facts is to recognize that the state has carte blanche to add, if it is not already doing so, a simple possession count to every trafficking by possession case, a simple delivery count to every trafficking by delivery case and a simple sale count to every trafficking by sale case. Can this really be what the legislature and supreme court intend?
GROSS, Judge, concurring specially.
I concur with the majority that State v. McCloud, 577 So.2d 939 (Fla.1991), compels the result reached. I write separately to note that in two ways Florida has adopted a far narrower application of the Blockburger test than the United States Supreme Court. See Sirmons v. State, 634 So.2d 153, 154 (1994) (Kogan, J. concurring). Because the aspect of double jeopardy here at issue involves Florida's determination of the intent of its own legislature, there is no federal constitutional violation.
The Fifth Amendment's Double Jeopardy Clause affords three basic protections. "[I]t protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." Ohio v. Johnson, 467 U.S. 493, 498, 104 S.Ct. 2536, 2540, 81 L.Ed.2d 425 (1984) (quoting Brown v. Ohio, 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977)). This case concerns the third protection, against multiple punishments for the same offense imposed in a single proceeding. This component of double jeopardy
is designed to ensure that the sentencing discretion of courts is confined to the limits established by the legislature. Because the substantive power to prescribe crimes and determine punishments is vested with the legislature, the question under the Double Jeopardy Clause whether punishments are "multiple" is essentially one of legislative intent ...
Ohio v. Johnson, 467 U.S. at 499, 104 S.Ct. at 2540-41 (citations omitted). If the statutes under which a defendant has been convicted specifically authorize cumulative punishments for the same conduct, a court may impose cumulative punishment without offending the Double Jeopardy Clause. Missouri v. Hunter, 459 U.S. 359, 368, 103 S.Ct. 673, 679, 74 L.Ed.2d 535 (1983). Absent evidence of clear legislative intent to the contrary, courts presume that where two statutory provisions proscribe the same offense, a legislature does not intend to impose two punishments for that offense. Rutledge v. United States, ___ U.S. ___, ___, 116 S.Ct. 1241, 1245, 134 L.Ed.2d 419 (1996).
For over half a century we have determined whether a defendant has been punished twice for the "same offense" by applying the rule set forth in Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). If "the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not." Ibid.

Rutledge v. United States, ___ U.S. at ___, 116 S.Ct. at 1245.
Section 775.021, Florida Statutes (1995) expresses the legislature's intent that a defendant be sentenced "separately" for "separate" criminal offenses arising from one criminal transaction. State v. Smith, 547 So.2d 613 (Fla.1989). To determine whether criminal offenses are "separate" within the meaning of the statute, the legislature has codified the Blockburger test. Id. at 616.
For the purpose of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
§ 775.021(4)(a), Fla. Stat. (1995). Florida applies the Blockburger test more strictly than the United States Supreme Court. Consequently, a finding of "separate" offenses under section 775.021(4)(a) are a rarity. First, the Florida Supreme Court has applied the test to types of conduct proscribed by the same criminal statute. McCloud held that it was not improper to convict and sentence a defendant for both "sale and possession (or possession with intent to sell)" of the same quantum of contraband. (Emphasis supplied). See State v. Oliver, 581 So.2d 1304 *1008 (Fla.1991) (affirming separate convictions of possession with intent to sell cocaine and sale of cocaine arising out of a single transaction and involving the same substance); State v. Stenson, 587 So.2d 1144 (Fla.1991). Sale and possession with intent to sell are alternate forms of conduct proscribed by section 893.13(1)(a), Florida Statutes (1995).[8] To the extent that McCloud authorizes separate convictions and sentences for violations of the same statutory provision, it deviates from Blockburger and its progeny, which typically involve totally separate statutory provisions. Florida has found that two offenses can be "separate" under section 775.021(4)(a) even though they are based on the same subsection of the same statute.
Florida's second departure from traditional Blockburger analysis derives from State v. Baker, 456 So.2d 419, 421 (Fla.1984), where the supreme court construed Blockburger to mean "that two statutory offenses are essentially independent and distinct if each offense can possibly be committed without committing the other offense."[9] The supreme court followed this approach in McCloud without citing to Baker. Under the McCloud/Baker analysis, possession of a controlled substance under section 893.13(1)(f), Florida Statutes (1991), is "separate" from trafficking in cocaine under section 893.135(1)(b), Florida Statutes (1991) because trafficking by sale can possibly be committed without possession.
A traditional Blockburger analysis examines two statutes to see if each requires proof of an element that the other does not. Rutledge v. United States, ___ U.S. at ___, 116 S.Ct. at 1246. The "elements" of a crime are "[t]hose constituent parts of a crime which must be proved by the prosecution to sustain a conviction." Black's Law Dictionary 520 (6th ed. 1990). Where a statute proscribes several types of conduct in the alternative, all forms of the conduct are embraced in a single "element." Thus, the Florida Standard Jury Instructions for criminal cases breaks trafficking in cocaine down into four elements. See Fla. Std. Jury Instr. (Crim.) 233. All of the potential alternatives in the conduct element of traffickingsale, purchase, manufacture, deliver, bring into Florida and possessare contained in the first element in the standard jury instruction. The conduct element of the possession statute ("to be in actual or constructive possession") is one of the alternative conduct elements of the trafficking charge. Cocaine is one of many possibilities in the controlled substance element of the possession charge. The possession charge contains no element that is not part of the trafficking charge. Proof of a possession of cocaine charge requires proof of no additional fact that trafficking in cocaine does not require. Using a traditional Blockburger approach, the two statutes here at issue are not "separate" within the meaning of section 775.021(4)(a).
Ball v. United States, 470 U.S. 856, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985), illustrates the Supreme Court's application of the Blockburger test. The issue in Ball was whether a convicted felon could be convicted and sentenced under both 18 U.S.C. § 922(h)(1) and 18 U.S.C.App. § 1202(a)(1) for possessing the same weapon. Both statutes bar convicted felons from "receiving" firearms. In addition to felons, each statute lists, in the alternative, other classes of persons who also are barred from receiving weapons. Each statute contains a class of persons omitted by the other. 18 U.S.C. § 922(h)(3) proscribes an "unlawful user of... marihuana" from receiving a firearm; 18 U.S.C.App. § 1202(a) makes no mention of any type of drug user. On the other hand, *1009 18 U.S.C. § 1202(a) includes illegal aliens among its list of persons who may not possess a firearm; 18 U.S.C. § 922(h) does not mention aliens at all. Applying the Blockburger test, the Supreme Court in Ball focused only on the conduct aspect of the statutes, because proof of felon "status" satisfied a similar "element" in each statute.
Applying [Blockburger] to the firearms statutes, it is clear that Congress did not intend to subject felons to two convictions; proof of illegal receipt of a firearm necessarily includes proof of illegal possession of that weapon ... In other words, Congress seems clearly to have recognized that a felon who receives a firearm must also possess it, and thus had no intention of subjecting that person to two convictions for the same criminal act.
Ball v. United States, 470 U.S. at 862, 105 S.Ct. at 1672. A McCloud/Baker approach to the same statutes would yield the opposite result, since each offense could possibly be committed without committing the other. An unlawful marihuana user's receipt of a firearm would not violate section 1202(a); an illegal alien's receipt of a firearm would not transgress section 922(h).
But for McCloud, I would find no separate crimes under Blockburger as adopted by section 775.021(4)(a), and would agree with Justice Kogan's concurring opinion in Sirmons that section 775.021(4)(b) 3 contemplates permissive lesser included offenses.
NOTES
[1] Defendant proceeds on the contention that the cocaine in the cellophane was originally part of the cocaine in the ziplock bags. We have no way of knowing whether that is true, but whether it is or not is of little moment to our decision. For the purposes of this opinion, however, we assume that the two quantities of cocaine were from a common source.
[2] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
[3] Carawan v. State, 515 So.2d 161 (Fla.1987).
[4] Section 893.135(1)(b), Florida Statutes (1991), provides in part that:

"Any person who knowingly sells, purchases, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine, as described in s. 893.03(2)(a)4. or of any mixture containing cocaine, but less than 150 kilograms of cocaine or any such mixture, commits a felony of the first degree, which felony shall be known as `trafficking in cocaine.'"
[5] Section 893.13(1)(f), Florida Statutes (1991), provides in part that:

"It is unlawful for any person to be in actual or constructive possession of a controlled substance unless such controlled substance was lawfully obtained from a practitioner or pursuant to a valid prescription or order of a practitioner while acting in the course of his professional practice or to be in actual or constructive possession of a controlled substance except as otherwise authorized by this chapter."
This provision has since been renumbered in the current statutory compilation as section 893.13(6)(a), Florida Statutes (1995).
[6] See Fla.Std.Jury Inst. (Crim.) 302.
[7] Mosely v. State, 659 So.2d 1342 (Fla. 5th DCA), rev. denied, 666 So.2d 144 (Fla.1995), is not really in conflict with our decision today. There the court found separate and distinct quantities and forms of cocaine, some powder and some crack. To the extent that it conflicts, we simply certify conflict.
[8] "Except as authorized by this chapter and chapter 499, it is unlawful for any person to sell, purchase, manufacture, or deliver, or possess with intent to sell, purchase, manufacture, or deliver, a controlled substance." § 893.13(1)(a), Fla. Stat. (1995). "Sale" and "possession with intent to sell" were alternative conduct elements of section 893.13(1)(a) throughout the decade of the 1980's, when cases like State v. Stenson were wending their way to the supreme court. See § 893.13(1)(a), Fla. Stat. (1979-89).
[9] This wording derives from Judge Cowart's dissent in Baker v. State, 425 So.2d 36, 50 (Fla. 5th DCA 1982). Read in context, the dissent was not trying to narrow the test, but to emphasize that the test applies to the statutory elements of different criminal statutes, as opposed to the actual proof at trial.