689 So.2d 1124 (1997)
Tommie V. JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 96-0469.
District Court of Appeal of Florida, Fourth District.
February 19, 1997.
Rehearing and Certification of Conflict or Question Denied April 2, 1997.
*1125 Richard L. Jorandby, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Belle B. Turner, Assistant Attorney General, Daytona Beach, for appellee.
PARIENTE, Judge.
Defendant appeals from his convictions and sentences for trafficking in cocaine more than 28 grams and possession of cocaine with intent to sell/deliver. Defendant received concurrent sentences of 64.37 months in prison with credit for 128 days time served and was ordered to pay a $50,000 fine for trafficking in cocaine together with a surcharge of $2,500. We affirm both the convictions and sentences.
The issue of defendant's constructive possession was properly submitted to the jury. The jury could have found, based on the facts of this case, that defendant was the driver/owner of the vehicle and in sole possession of the key to the trunk where the cocaine was found under the spare tire. See Jordan v. State, 548 So.2d 737, 739 (Fla. 4th DCA 1989).
Defendant also attacks his convictions for trafficking in cocaine and possession with intent to sell/deliver because both charges arose from one underlying core offense of possession of cocaine. Defendant concedes that affirmance on this point is required based on Gibbs v. State, 676 So.2d 1001 (Fla. 4th DCA), review granted, No. 88,409 (Fla. Nov. 4, 1996). In Gibbs, our court held that there is no double jeopardy violation based on convictions for trafficking in cocaine in excess of 28 grams and simple possession.
Our court in Gibbs relied on State v. McCloud, 577 So.2d 939 (Fla.1991), which rejected a double jeopardy attack on dual convictions for sale of cocaine and possession of the same quantum of cocaine. Our supreme court in McCloud concluded that because sale of cocaine can occur without possession, possession is not an essential element of sale and is therefore not a necessarily included lesser offense. Id. at 940-41.
This case is a stronger case than Gibbs for rejecting a double jeopardy challenge because the second offense here is not simple possession as in Gibbs but possession with intent to sell/deliver. There are several ways to analyze the differences between these crimes.
Pursuant to section 893.135(1)(b), Florida Statutes (1995), a person traffics in cocaine either by knowingly selling, delivering or bringing into this state 28 grams or more of cocaine or by being in actual or constructive possession of 28 grams or more of cocaine. It is thus possible to commit the offense of trafficking in cocaine without having actual or constructive possession of the cocaine, or, alternatively, without actually intending to sell the cocaine. See Gibbs, 676 So.2d at 1008 (Gross, J., concurring). Trafficking in cocaine also requires proof that the quantity of cocaine was at least 28 grams.
*1126 For the crime of possession with intent to sell/deliver cocaine, section 893.13(1)(a), an essential element is proof of specific scienter; i.e., intent to sell or deliver the cocaine. This element is not an essential element of trafficking. Possession with intent to sell/deliver thus requires an essential element that is not an essential element of trafficking.
In this case, the trial court instructed only on simple possession as a lesser included offense of both charges. Possession with intent to sell/deliver cocaine is neither a necessarily included lesser offense nor a permissive lesser included offense of trafficking. See § 775.021(4)(b)(3).
As to defendant's third point on appeal, that the five percent surcharge was not orally pronounced, section 960.25 establishes a five percent surcharge which shall be imposed for any criminal offense. Because the surcharge is mandatory, the trial court was not obligated to announce it orally to include it in the written sentence. See Reyes v. State, 655 So.2d 111, 116-17 (Fla. 2d DCA 1995).
POLEN and SHAHOOD, JJ., concur.