691 So.2d 589 (1997)
Luis H. DIAZ, Appellant,
v.
STATE of Florida, Appellee.
No. 96-00413.
District Court of Appeal of Florida, Second District.
April 16, 1997.
James Marion Moorman, Public Defender, and Cynthia J. Dodge, Assistant Public Defender, Bartow, for Appellant.
*590 Robert A. Butterworth, Attorney General, Tallahassee, and Stephen D. Ake, Assistant Attorney General, Tampa, for Appellee.
PATTERSON, Acting Chief Judge.
Luis Diaz challenges his sentences for armed burglary, armed kidnapping, and armed robbery. He argues that the trial court erred in: (1) ordering him to submit to and pay for random drug and alcohol testing, (2) ordering him to pay for mental health evaluation and treatment, and (3) imposing costs without specifying which statute authorized the costs. We affirm in part and reverse in part.
Diaz argues that the condition requiring random drug and alcohol testing is invalid because the record does not show that drugs or alcohol have any relevance to kidnapping, armed robbery, or armed burglary. In support of his argument, he cites Biller v. State, 618 So.2d 734 (Fla.1993) (condition of probation is invalid if it has no relationship to the crime, relates to conduct which is not criminal, and requires or forbids conduct which is not reasonably related to future criminality). However, the Biller analysis only applies to special conditions of probation. Brock v. State, 688 So.2d 909 (Fla. 1997). The condition requiring random drug and alcohol testing is a general condition. § 948.03(1)(j)1, Fla.Stat. (1993). It need not be orally pronounced at sentencing, nor must it relate to the defendant's present criminal conduct or future criminality. Thus, we affirm the imposition of that condition.
We strike the requirement that Diaz pay for the drug and alcohol testing because it was a special condition which was not pronounced at sentencing. See Curry v. State, 682 So.2d 1091 (Fla.1996). We strike the condition requiring Diaz to pay for mental health evaluation and treatment for the same reason. Justice v. State, 674 So.2d 123 (Fla.1996). Finally, we strike the imposition of $269.75 in court costs because the trial court failed to cite statutory authority for the costs. See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995). We affirm Diaz's sentences in all other respects.
Affirmed in part, reversed in part.
QUINCE and NORTHCUTT, JJ., concur.