708 So.2d 1002 (1998)
Stephanie BENTON, Appellant,
v.
STATE of Florida, Appellee.
No. 96-05032.
District Court of Appeal of Florida, Second District.
March 27, 1998.
*1003 James Marion Moorman, Public Defender and Jeffrey Sullivan, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee and Diana K. Bock, Assistant Attorney General, Tampa, for Appellee.
FRANK, Acting Chief Judge.
Stephanie Benton has appealed from her convictions for felony fleeing to elude, a violation of section 316.1935(2), Florida Statutes (1995), and reckless driving, a violation of section 316.192(1), Florida Statutes (1995). She pleaded nolo contendere, specifically reserving her right to appeal the denial of her motion to dismiss, which challenged the constitutionality of the "high speed vehicle chase" law. We affirm her convictions on the basis that the constitutional vagueness challenge has been rejected by this court in State v. Barnes, 686 So.2d 633 (Fla. 2d DCA 1996), the reasoning of which has been adopted by the First and Fourth District Courts of Appeal in Travis v. State, 700 So.2d 104 (Fla. 1st DCA 1997), and Fox v. State, 700 So.2d 172 (Fla. 4th DCA 1997). Benton's additional substantive due process arguments are equally meritless. The curtailment of high-speed pursuits and of criminals attempting to flee law enforcement bears a reasonable and substantial relation to the public health, welfare, and safety.
We must, however, strike a fine and cost that were imposed without oral pronouncement. These include a $44.77 fine pursuant to section 775.083, Florida Statutes (1995), and a surcharge of $2.23 pursuant to section 960.25, Florida Statutes (1995). See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995). Furthermore, that portion of condition (8) of Benton's probation, which requires her to pay for random testing for alcohol and controlled substance use, was not orally pronounced and must be stricken. See Diaz v. State, 691 So.2d 589 (Fla. 2d DCA 1997).
PATTERSON and WHATLEY, JJ., concur.