712 So.2d 380 (1998)
Tommie V. JOHNSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 90494.
Supreme Court of Florida.
May 7, 1998.
Richard L. Jorandby, Public Defender, and Susan D. Cline, Assistant Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for Petitioner.
Robert A. Butterworth, Attorney General, and Belle B. Turner, Assistant Attorney General, Daytona Beach, for Respondent.
SHAW, Justice.
We have for review Johnson v. State, 689 So.2d 1124 (Fla. 4th DCA 1997), based on conflict with Gibbs v. State, 698 So.2d 1206 (Fla.1997), and Paccione v. State, 698 So.2d 252 (Fla.1997). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We quash Johnson.
*381 On September 6, 1995, Deputy Moore stopped Tommie Johnson for speeding on Interstate 95. When Moore looked under the spare tire in Johnson's trunk, he found two plastic bags of cocaine, one weighing 69 grams, the other 41 grams. Based on this evidence, Johnson was charged with trafficking in cocaine[1] and possession of a controlled substance with intent to sell.[2] He was convicted as charged and the district court affirmed.
Johnson contends that his dual convictions based on the same quantity of cocaine violate double jeopardy. We agree. After the district court rendered its decision in Johnson, we decided both Gibbs v. State, 698 So.2d 1206 (Fla.1997),[3] and Paccione v. State, 698 So.2d 252 (Fla.1997).[4] We find these cases dispositive.
When conducting double jeopardy analysis under an "alternative conduct statute," such as the trafficking statute, the court must focus on the particular component of the statute that is in issue, as we explained in Gibbs:
[W]e recognize that an alternative conduct statute, such as the cocaine trafficking statute, requires an analysis that breaks the conduct elements into the specific alternative conduct which is in the other statute being compared. The conduct element of the trafficking statute is not compared by considering the entire range of conduct including possession, sale, purchase, and delivery, but rather by comparing only trafficking possession with simple possession. This is a different situation from a case in which the defendant is charged with both trafficking sale and simple possession, because the sale element of the trafficking statute differs from the elements in the simple possession statute. Thus, if prosecution is for the same conduct under both statutes, a conviction under more than one of the statutes is a violation of double jeopardy principles.
Gibbs, 698 So.2d at 1209-10.
In the present case, when we compare the possession component of the trafficking statute to the companion crime of possession with intent to sell, we find that while the latter offense contains a statutory element not found in the former, i.e., intent to sell, the reverse is not true.[5] "Thus, the court exceeded its statutory authority by convicting and sentencing [the defendant] for both of these crimes, which arose out of a single criminal episode." Paccione, 698 So.2d at 254.
We quash Johnson.
It is so ordered.
KOGAN, C.J., and OVERTON, HARDING and ANSTEAD, JJ., concur.
*382 WELLS, J., dissents with an opinion.
PARIENTE, J., recused.
WELLS, Justice, dissenting.
Petitioner was arrested for possessing more than twenty-eight grams of cocaine and ultimately convicted of violating sections 893.135(1)(b)1 and 893.13(1)(a), Florida Statutes (1995). Petitioner appealed, contending that the dual convictions violated double jeopardy principles. The district court affirmed the convictions. Johnson v. State, 689 So.2d 1124 (Fla. 4th DCA 1997). The majority of this Court quashes the district court decision holding that our decisions in Gibbs v. State, 698 So.2d 1206 (Fla.1997), and Paccione v. State, 698 So.2d 252 (Fla.1997), are dispositive. I dissent.
Neither Gibbs nor Paccione control here. The instant case deals with two alternative conduct statutes, whereas in both Gibbs and Paccione one of the statutes for which the defendant was convicted was section 893.13(6)(a), Florida Statutes (1993), a statute which only punishes simple possession of a controlled substance.
In Gibbs, the district court certified the following question:
MAY A PERSON BE SEPARATELY CONVICTED AND PUNISHED FOR TRAFFICKING POSSESSION OF COCAINE AND SIMPLE POSSESSION OF A CONTROLLED SUBSTANCE FOR THE SAME QUANTITY OF COCAINE?
Gibbs, 698 So.2d at 1206 (emphasis added).[6] Applying the test set out by the legislature in section 775.021(4)(a), Florida Statutes (1995), we answered that question in the negative because the elements of trafficking possession were no different from the elements of simple possession. In addition, we reasoned that the legislature clearly intended to punish more harshly those convicted of possessing more than twenty-eight grams of cocaine. In essence, we found that trafficking possession was a heightened form of possession that could not be punished along with simple possession.
This Court has repeatedly stated that legislative intent is dispositive in determining whether double jeopardy bars separate convictions and sentences for offenses arising from the same criminal episode. Boler v. State, 678 So.2d 319, 321 (Fla.1996); State v. Smith, 547 So.2d 613, 614 (Fla.1989). "[T]he Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." Smith, 547 So.2d at 614 (quoting Missouri v. Hunter, 459 U.S. 359, 366, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983)). I continue to believe that our decisions in Gibbs and Paccione represent a reasoned assessment of legislative intent and make good sense in respect to simple possession cases. As we stated in Gibbs:
We have no basis for concluding that the legislature intended that multiple charges for possession of the same quantum of cocaine be prosecuted as separate crimes. Rather, logic compels the conclusion that the legislature intended that trafficking possession, which requires the possession of more than twenty-eight grams of cocaine, be punished more harshly than simple possession, which merely requires the possession of less than twenty-eight grams of any illegal drug. The legislative intent is apparent because the trafficking statute authorizes a more severe punishment than the simple possession statute, but the gravamen of the crime underlying each statute is the possession of an illegal drug.
Id. at 1209.
In Gibbs we also answered the following question raised by Judge Gross in his concurring opinion to the district court's decision: How is the comparative elements analysis made when a statute prohibits alternative types of conduct? We stated:
[W]e recognize that an alternative conduct statute, such as the cocaine trafficking statute, requires an analysis that breaks the conduct elements into the specific alternative *383 conduct which is in the other statute being compared. The conduct element of the trafficking statute is not compared by considering the entire range of conduct including possession, sale, purchase, and delivery, but rather by comparing only trafficking possession with simple possession. This is a different situation from a case in which the defendant is charged with both trafficking sale and simple possession, because the sale element of the trafficking statute differs from the elements in the simple possession statute. Thus, if prosecution is for the same conduct under both statutes, a conviction under more than one of the statutes is a violation of double jeopardy principles.
Id. at 1209-10. The answer to that question was unnecessary to the resolution of the Gibbs case because of the certified question. I believe that this case points out why we should not have answered that unnecessary question. We should recede from that portion of Gibbs.
Rather, I believe that the analysis of Justice Pariente (then a judge for the Fourth District) is better reasoned. As Justice Pariente points out, finding that the dual convictions for trafficking in cocaine and possession with intent to sell/deliver in this case do not violate double jeopardy principles conforms with our decision in State v. McCloud, 577 So.2d 939 (Fla.1991). I would adopt the following portion of Justice Pariente's decision:
Our supreme court in McCloud concluded that because sale of cocaine can occur without possession, possession is not an essential element of sale and is therefore not a necessarily included lesser offense. Id. at 940-41.
This case is a stronger case than Gibbs for rejecting a double jeopardy challenge because the second offense here is not simple possession as in Gibbs but possession with intent to sell/deliver. There are several ways to analyze the differences between these crimes.
Pursuant to section 893.135(1)(b), Florida Statutes (1995), a person traffics in cocaine either by knowingly selling, delivering or bringing into this state 28 grams or more of cocaine or by being in actual or constructive possession of 28 grams or more of cocaine. It is thus possible to commit the offense of trafficking in cocaine without having actual or constructive possession of the cocaine, or, alternatively, without actually intending to sell the cocaine. See Gibbs [v. State], 676 So.2d [1001] at 1008 [Fla. 4th DCA 1996] (Gross, J., concurring)....
For the crime of possession with intent to sell/deliver cocaine, section 893.13(1)(a), an essential element is proof of specific scienter; i.e., intent to sell or deliver the cocaine. This element is not an essential element of trafficking. Possession with intent to sell/deliver thus requires an essential element that is not an essential element of trafficking.
In this case, the trial court instructed only on simple possession as a lesser included offense of both charges. Possession with intent to sell/deliver cocaine is neither a necessarily included lesser offense nor a permissive lesser included offense of trafficking. See § 775.021(4)(b)(3).
Johnson, 689 So.2d at 1125-26. In Gibbs we specifically adhered to our decision in McCloud. I would continue this adherence.
In sum, I conclude that Gibbs and Paccione have limited application to the simple possession statutes. In respect to the statutes under consideration in this case, as Justice Pariente's opinion illustrates, the traditional Blockburger[7] analysis of comparing the elements of the statutes leads to the conclusion that there is no double jeopardy violation. Moreover, there is no indication that the legislature intended anything other than dual convictions in a situation such as the one before us.
Accordingly, I would affirm.
NOTES
[1] Section 893.135 prohibits the possession of 28 grams or more of cocaine and provides in relevant part:

Any person who knowingly sells, purchases, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine ... but less than 150 kilograms of cocaine ... commits a felony of the first degree, which felony shall be known as "trafficking in cocaine."
§ 893.135(1)(b)(1), Fla. Stat. (1995).
[2] Section 893.13 prohibits the possession of a controlled substance for specific purposes and provides in relevant part:

Except as authorized by this chapter and chapter 499, it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance.
§ 893.13(1)(a), Fla. Stat. (1995).
[3] In Gibbs v. State, 698 So.2d 1206 (Fla.1997), we held that dual convictions for trafficking possession of cocaine and possession of a controlled substance violate double jeopardy when based on the same quantity of cocaine.
[4] In Paccione v. State, 698 So.2d 252 (Fla.1997), we held that dual convictions for possession of marijuana with intent to sell and simple possession of marijuana violate double jeopardy when based on the same quantity of marijuana.
[5] Cf. Paccione, 698 So.2d at 254 ("While possession with the intent to sell contains an element that possession does not, the converse is not true. Simple possession contains no element not found in possession with the intent to sell."); see also Gibbs, 698 So.2d at 1209 ("We do not find that the quantity requirement of trafficking possession is a separate element which allows the dual prosecution of both trafficking possession and simple possession arising out of the possession of the same cocaine.").
[6] Similarly, in Paccione, the certified question read:

MAY A PERSON BE SEPARATELY CONVICTED AND PUNISHED FOR POSSESSION OF MARIJUANA WITH INTENT TO SELL AND SIMPLE POSSESSION OF THE SAME QUANTITY OF MARIJUANA?
Paccione, 698 So.2d at 252 (emphasis added).
[7] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) (codified at section 775.021(4)(a), Florida Statutes (1995)).