GERBER, J.
The defendant appeals an order denying his motion to suppress. We affirm. We find that the defendant reserved the right to appeal this dispositive order before entering his pleas to trafficking in hydroco-done (4 grams or more, but less than 14 grams), possession of drug paraphernalia, and possession of cannabis. We also find that the circuit court did not err in denying the motion to suppress. Competent, substantial evidence exists to support the conclusion that the investigating officers did not engage in any misrepresentation or trickery to obtain the defendant’s voluntary consent to the search which led to the illegal items’ discovery. We further find nothing on the face of the record suggesting that the defendant’s counsel was ineffective in responding to any of the state’s evidence and arguments.
The defendant also appeals the inclusion of a statutory surcharge in the written sentence on the trafficking charge. We affirm the inclusion of that surcharge even though it was not orally pronounced. See Johnson v. State, 689 So.2d 1124, 1126 (Fla. 4th DCA 1997) (“Because the surcharge is mandatory, the trial court was not obligated to announce it orally to include it in the written sentence.”), quashed on other grounds, 712 So.2d 380 (Fla.1998); but see Benton v. State, 708 So.2d 1002, 1003 (Fla. 2d DCA 1998) (striking surcharge that was imposed without oral pronouncement). However, the circuit court must enter a corrected written sentence reflecting that the $2,500 surcharge was imposed pursuant to section 938.04, Florida Statutes (2007), and that the $50,000 fine was imposed pursuant to section 893.135(l)(c)l.a., Florida Statutes (2007). The entry of a corrected written sentence is a ministerial act which does not require the defendant’s presence. Williams v. State, 697 So.2d 584 (Fla. 4th DCA 1997).

Affirmed with remand for correction of sentence.

STEVENSON and CIKLIN, JJ., concur.