579 So.2d 736 (1991)
STATE of Florida, Petitioner,
v.
William DUKES, Respondent.
No. 77006.
Supreme Court of Florida.
May 9, 1991.
Robert A. Butterworth, Atty. Gen. and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for petitioner.
James Marion Moorman, Public Defender and Deborah K. Brueckheimer, Asst. Public Defender, Tenth Judicial Circuit, Bartow, for respondent.
PER CURIAM.
The state of Florida seeks review of Dukes v. State, 569 So.2d 1380 (Fla. 2d DCA 1990), in which the district court affirmed Dukes' conviction and sentence for sale of cocaine, but vacated Dukes' conviction and sentence for possession of cocaine on the authority of V.A.A. v. State, 561 So.2d 314 (Fla. 2d DCA 1990), approved in part, quashed in part, 577 So.2d 941 (Fla. 1991). The district court certified the following to be a question of great public importance:[*]
When a double jeopardy violation is alleged based on the crimes of sale and possession (or possession with intent to sell) of the same quantum of contraband and the crimes occurred after the effective date of section 775.021, Florida Statutes (Supp. 1988), is it improper to convict and sentence for both crimes?
We answered that question in the negative in State v. McCloud, 577 So.2d 939 (Fla. 1991), and on that authority, we quash that part of the district court's decision vacating Dukes' conviction and sentence for possession of cocaine. We remand for proceedings consistent with this opinion.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[*] We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.