PER CURIAM.
This attorney disciplinary proceeding is before the Court on the complaint of The Florida Bar and the report of the referee. Respondent Wolding contests the referee’s recommended findings of guilt, recommendation of admonishment, and assessment of costs. We have jurisdiction. Art. V, § 15, Fla. Const.
Wolding’s law office formerly shared offices with a title company. The Bar filed a two-count complaint against Wolding alleging that he: (1) used a common telephone system for the law and title company businesses; (2) held joint meetings between the two businesses; (3) revealed confidential information regarding two clients; (4) failed to secure law office files from access by non-law office employees; and (5) maintained an office with acoustical problems (Count One). The Bar also alleged that Wolding simultaneously represented two clients with adverse interests and revealed information received from one client to the other (Count Two).
The referee recommended that Wolding be found guilty of failing to secure law office files and maintaining an office with acoustical problems and not guilty of the remaining charges. Wolding’s law office files were stored in unlocked file cabinets located in areas shared by both offices. The referee determined that the files should have been located in an area to which only law office employees had access. The referee also found that despite warnings, Wolding allowed a situation to exist that permitted anyone who wished to eavesdrop on confidential communications. Although no actual disclosure of confidential information occurred as a result of either of these practices, the referee found that the practices violated Rule of Professional Conduct 4-1.6 (a lawyer shall not reveal information relating to representation of a client), based on an implied duty to take reasonable steps to protect client confidences.
We agree with Wolding that the facts of this case do not demonstrate a violation of rule 4-1.6. No actual disclosures of confidential client information were shown to have occurred. The referee found no evidence that title company employees actually went into law office files without permission. The referee noted that most of the testimony relating to the ability to overhear conversations involved instances of shouting. Additionally, Wolding’s law office no longer shares space with another business, so the potential for disclosure of client information no longer exists. Accordingly, we reject the referee’s finding of *738 guilt on these two alleged violations. We also reject the recommended discipline and the recommendation to assess costs against Wolding. Because neither party has challenged the referee’s findings of not guilty on the remaining charges, we approve that portion of the report.
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, barkett, grimes, KOGAN and HARDING, JJ., concur.