634 So.2d 1118 (1994)
William Clinton BLANCHARD, Appellant,
v.
STATE of Florida, Appellee.
No. 92-02365.
District Court of Appeal of Florida, Second District.
April 8, 1994.
James Marion Moorman, Public Defender, and Karen K. Purdy, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Johnny T. Salgado, Asst. Atty. Gen., Tampa, for appellee.
*1119 FULMER, Judge.
Appellant, William Clinton Blanchard, appeals his conviction for false imprisonment.[1] Blanchard was charged with false imprisonment and with attempted sexual battery. A nonjury trial was held. After the state presented its case, the trial judge granted a motion for judgment of acquittal as to the attempted sexual battery charge and reduced the charge to simple battery. At the conclusion of the trial, the judge found Blanchard guilty of both false imprisonment and battery. Blanchard claims that the evidence was insufficient to prove the crime of false imprisonment. We affirm the conviction for false imprisonment and reverse the conviction for battery.
At trial, the victim testified that while she was working the late night shift at the Presto Food Store, Blanchard entered the store and walked to the chip aisle next to where she was filling the napkin and condiment display. She heard him pick up a bag of potato chips and in a split second he turned around, threw the chips on the counter where she was standing, grabbed her and slung her against the counter and grabbed her hand and put it on his penis. Blanchard's non-erect penis was exposed when he put her hand on it. When asked how long her hand was on his penis, she stated: "It felt like forever. It probably wasn't even a minute. I don't know, it just felt like forever." When Blanchard got distracted by car lights in the parking lot, the victim punched him in the mouth with her other hand. He turned around and ran out the door.
Blanchard concedes that the evidence presented supports the conviction for battery. With respect to the false imprisonment charge, Blanchard argues that the state must show restraint which is not slight, inconsequential or merely incidental to the battery. While recognizing that the restraint need not be substantial,[2] Blanchard argues that there is no evidence of restraint, and that even if there was some restraint, it was merely incidental to the battery and, therefore, cannot stand as a separate conviction, citing Faison v. State, 426 So.2d 963 (Fla. 1983).[3]
In this case, the victim was slung against a counter, held by her hand and forced to hold Blanchard's penis. She regained her freedom of movement by punching Blanchard in the mouth. On these facts, it is reasonable to conclude that some amount of force was used to hold or restrain her against her will. See Jane v. State, 362 So.2d 1005 (Fla. 4th DCA 1978) (holding victim in bear hug was sufficient evidence of false imprisonment). Having determined that the evidence is sufficient to support a conviction for false imprisonment, it is necessary to address the battery conviction.
The same act that constitutes the crime of false imprisonment (grabbing and holding the hand of the victim), also constitutes the crime of battery. Thus, it appears that the battery in this case is a category two lesser included offense of false imprisonment. Therefore, it was error to adjudicate Blanchard guilty of the battery count. Cf. Sirmons v. State, 634 So.2d 153 (Fla. 1994).
Accordingly, the judgment and sentence for false imprisonment is affirmed, the adjudication of guilty on the battery charge is reversed, and the cause is remanded with directions to vacate the judgment and sentence on the battery charge.
Affirmed in part; reversed in part, with directions.
SCHOONOVER, A.C.J., and ALTENBERND, J., concur.
NOTES
[1] Section 787.02(1)(a), Florida Statutes (1991), provides:

`False imprisonment' means forcibly, by threat, or secretly confining, abducting, imprisoning, or restraining another person without lawful authority and against his will with any purpose other than those referred to in § 787.01.
[2] Proko v. State, 566 So.2d 918 (Fla. 5th DCA 1990).
[3] Because we find that, in this case, the battery must be dismissed as a lesser included offense, we need not address the question of whether the Faison test should ever be applied to a false imprisonment charge.