698 So.2d 1206 (1997)
Daniel GIBBS, Petitioner,
v.
STATE of Florida, Respondent.
No. 88409.
Supreme Court of Florida.
August 21, 1997.
Jonathan Jay Kirschner of Kirschner & Garland, P.A., Fort Pierce, for petitioner.
Robert A. Butterworth, Attorney General; and Georgina Jimenez-Orosa and Carol Cobourn Asbury, Assistant Attorneys General, West Palm Beach, for respondent.
WELLS, Judge.
We have for review Gibbs v. State, 676 So.2d 1001 (Fla. 4th DCA 1996), in which the district court certified the following question to be of great public importance:
MAY A PERSON BE SEPARATELY CONVICTED AND PUNISHED FOR TRAFFICKING POSSESSION OF COCAINE AND SIMPLE POSSESSION OF A CONTROLLED SUBSTANCE FOR THE SAME QUANTITY OF COCAINE?
676 So.2d at 1006.
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the certified question in the negative and remand to the district court for further proceedings in conformity with this opinion.
*1207 Gibbs was arrested on April 10, 1991, for driving while his license was suspended. At the time of his arrest, Gibbs was holding a piece of cellophane containing cocaine. During a subsequent search of Gibbs' car, police found two hidden plastic bags containing 151 grams of cocaine. Gibbs was found guilty of several charges, including trafficking possession of cocaine and possession of a controlled substance. Gibbs appealed his conviction and sentence, and the Fourth District Court of Appeal affirmed per curiam. Gibbs subsequently filed a pro se petition for writ of habeas corpus, which the Fourth District granted to the extent that it permitted Gibbs to argue that his dual convictions and sentences for trafficking possession under section 893.135(1)(b), Florida Statutes (1989),[1] and simple possession under section 893.13(1)(f), Florida Statutes (1989),[2] violated his right under the Fifth Amendment of the United States Constitution not to be placed in double jeopardy. The Fourth District Court of Appeal again affirmed Gibbs' convictions and sentences. Gibbs v. State, 676 So.2d 1001 (Fla. 4th DCA 1996). The district court held that there was no double jeopardy violation in separate convictions and punishment for the offenses of trafficking possession of cocaine and simple possession of a controlled substance. 676 So.2d at 1006. The court based its holding on its conclusion that the two charged offenses each contain an element that the other lacks, pursuant to the plain meaning of section 775.021(4)(a), Florida Statutes (1989),[3] and that the dual convictions do not fall under any of the three exceptions to the statute's rule of construction. § 775.021(4)(b), Fla. Stat. (1989).[4] The district court also stated:
Plainly, the two offenses in this case each contain an element the other lacks. The trafficking possession of cocaine statute requires a knowing intent to possess more than 28 but less than 400 grams of cocaine. The simple possession statute requires mere possession of any controlled substance.
676 So.2d at 1005 (footnotes omitted).
The district court relied upon an analysis of our decision in State v. McCloud, 577 So.2d 939 (Fla.1991), and found it necessary to distinguish between McCloud and our decision in Sirmons v. State, 634 So.2d 153 (Fla.1994). In Sirmons, we dealt with double jeopardy in the context of crimes involving penal variations on the underlying crime of theft. We found in Sirmons that dual convictions for grand theft and robbery with a weapon arising from the taking of a single automobile at knife point could not stand. Id. at 154. Our conclusion was based upon the offenses being "aggravated forms of the *1208 underlying offense, distinguished only by degree factors." Id.
The district court found that Sirmons was distinguishable from McCloud because McCloud involved statutes concerning illegal drugs which were not controlled by the historical considerations which we found applicable to the theft statutes in Sirmons. The district court stated regarding McCloud:
The supreme court has confronted double jeopardy claims in connection with the drug laws since the legislature amended section 775.021(4) in response to the court's Carawan decision. The leading case is State v. McCloud, 577 So.2d 939 (Fla.1991), where the dual convictions involved sale of cocaine and possession (or possession with intent to sell) of cocaine. In finding no double jeopardy violation, the court said:
"Section 775.021(4)(b) of the Florida Statutes (Supp.1988) currently permits dual convictions and sentences for offenses based on one act, subject to certain enumerated exceptions. McCloud asserts that possession and sale of the same quantum of cocaine is an exception under the category of "subsumed" elements in subsection 775.021(4)(b)(3). In other words, McCloud argues that he cannot be convicted of possession of cocaine and sale of the same cocaine because possession is a lesser-included offense of sale.

"The state argues that possession is not a lesser-included offense of sale because under section 775.021(4) (codifying the test established in Blockburger v. United States, 284 U.S. 299 [52 S.Ct. 180, 76 L.Ed. 306] (1932)), each offense contains an element that the other does not: the crime of sale does not require possession as an element, and the crime of possession does not require sale as an element.
"The state further relies on several lower court cases to support its argument. In Portee v. State, 392 So.2d 314, 315 (Fla. 2d DCA 1980), the court concluded that possession is not a lesser-included offense of sale:
`While a seller of marijuana might in the ordinary case also possess the marijuana sold, possession is not an essential aspect of the sale.'
"Similarly, in Daudt v. State, 368 So.2d 52 (Fla. 2d DCA 1979), Daudt was an intermediary in a marijuana transaction. The court found he neither actually nor constructively possessed the contraband, so it reversed the possession conviction but affirmed the sale conviction. Cf. State v. Daophin, 533 So.2d 761 (Fla.1988) (holding that possession is not a lesser-included offense of delivery).

"An offense is a lesser-included offense for purposes of section 775.021(4) only if the greater offense necessarily includes the lesser offense. We conclude that because there are situations, as illustrated by the above cases, where a sale can occur without possession, possession is not an essential element of sale and is therefore not a lesser-included offense."

McCloud, 577 So.2d at 940; see also State v. Stenson, 587 So.2d 1144 (Fla.1991); State v. Robinson, 581 So.2d 157 (Fla. 1991); State v. Oliver, 581 So.2d 1304 (Fla. 1991); State v. Dukes, 579 So.2d 736 (Fla. 1991); State v. V.A.A., 577 So.2d 941 (Fla. 1991). The Sirmons line of cases do not cite, refer to, or rely on the McCloud line of cases dealing with drug violations. Neither does Sirmons purport to overrule or recede from McCloud. We thus have no reason to believe that Sirmons was intended to be an expression of the double jeopardy consequences of multiple drug convictions and punishments.
Gibbs v. State, 676 So.2d at 1004-05 (footnote omitted) (subsequent histories omitted).
The district court's analysis of the existing cases is clearly correct as to our adherence to the strict application of section 775.021(4), Florida Statutes (1989), which mandates that the analysis of the double jeopardy issue is to be done by a comparison of the statutory elements of a crime. See Gaber v. State, 684 So.2d 189 (Fla.1996); M.P. v. State, 682 So.2d 79 (Fla.1996). However, we do not agree with the district court's opinion that the elements in the statute prohibiting *1209 trafficking possession are different from the elements in the statute prohibiting simple possession. The district court did not have the benefit of our recent decision in Chicone v. State, 684 So.2d 736 (Fla.1996), in which we held that simple possession has a "knowing" element. Therefore, both trafficking possession and simple possession have a "knowing" element. We do not find that the quantity requirement of trafficking possession is a separate element which allows the dual prosecution of both trafficking possession and simple possession arising out of the possession of the same cocaine.
Absent evidence of clear legislative intent to the contrary, courts presume that where two statutory provisions proscribe the same offense, a legislature does not intend to impose two punishments for that offense. Rutledge v. United States, ___ U.S. ___, ___, 116 S.Ct. 1241, 1245, 134 L.Ed.2d 419 (1996). We have no basis for concluding that the legislature intended that multiple charges for possession of the same quantum of cocaine be prosecuted as separate crimes. Rather, logic compels the conclusion that the legislature intended that trafficking possession, which requires the possession of more than twenty-eight grams of cocaine, be punished more harshly than simple possession, which merely requires the possession of less than twenty-eight grams of any illegal drug. The legislative intent is apparent because the trafficking statute authorizes a more severe punishment than the simple possession statute, but the gravamen of the crime underlying each statute is the possession of an illegal drug.
We recently reached a similar conclusion in State v. Anderson, 695 So.2d 309 (Fla. 1997). In Anderson, we answered the following certified question:
Whether the double jeopardy clause permits a defendant to be convicted and sentenced under both section 837.02, Florida Statutes (1991), perjury in an official proceeding, and section 903.035, Florida Statutes (1991), providing false information in an application for bail, for charges that arise out of a single act.
Anderson, 695 So.2d 309. We held:
Both statutes punish the same basic crime (i.e., the violation of a legal obligation to tell the truth) and differ only in terms of the degree of violation....
Because the two crimes are degree variants of the same underlying crime, Anderson's dual convictions cannot stand. See generally Art. I, § 9, Fla. Const.
Anderson, 695 So.2d 309. Similarly, the underlying crime here is the possession of an illegal drug.
In his concurring opinion below, Judge Gross points out that the issue presented by the certified question also focused upon one additional issue: How is the comparative elements analysis made when a statute prohibits alternative types of conduct? The trafficking statute prohibits the potential alternatives of selling, purchasing, delivering, bringing into Florida, or possessing. § 893.135, Fla. Stat. (1989). Thus, this statute prohibits possession and also prohibits sale, purchase, or transport. As correctly referenced by the district court below, we held in McCloud that statutes prohibiting sale and alternatively prohibiting possession contain different elements for purposes of double jeopardy analysis. McCloud, 577 So.2d at 941. We concluded that, pursuant to section 775.021(4)(a), Florida Statutes (1989), we were precluded from examining the evidence to determine whether McCloud possessed and sold the same quantum of cocaine such that possession would have been a lesser-included offense of sale. McCloud at 941.
We adhere to our decision in McCloud. McCloud and our answer to this certified question can coexist. However, we recognize that an alternative conduct statute, such as the cocaine trafficking statute, requires an analysis that breaks the conduct elements into the specific alternative conduct which is in the other statute being compared. The conduct element of the trafficking statute is not compared by considering the entire range of conduct including possession, sale, purchase, and delivery, but rather by comparing only trafficking possession with simple possession. This is a different situation from a case in which the defendant is charged with both trafficking sale and simple *1210 possession, because the sale element of the trafficking statute differs from the elements in the simple possession statute. Thus, if prosecution is for the same conduct under both statutes, a conviction under more than one of the statutes is a violation of double jeopardy principles. We do recede from Rotenberry v. State, 468 So.2d 971 (Fla.1985), to the extent that it may be read to be in conflict with this decision.
Having answered the certified question in the negative, we quash the decision of the district court affirming the dual convictions for possession of the same cocaine. We remand to the district court for further proceedings in accord with this decision. We decline to address the other issues raised in the briefs which are unrelated to the certified question.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING and ANSTEAD, JJ., concur.
NOTES
[1] Section 893.135(1)(b), Florida Statutes (1989), provides in relevant part:

Any person who knowingly sells, purchases, manufactures, delivers, or brings into this State, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine ... is guilty of a felony of the first degree, which felony shall be known as "trafficking in cocaine."
[2] Section 893.13(1)(f), Florida Statutes (1989) (now codified as section 893.13(6)(a), Florida Statutes (1995)), provides in relevant part:

It is unlawful for any person to be in actual or constructive possession of a controlled substance.... Any person who violates this provision is guilty of a felony of the third degree....
[3] Section 775.021(4)(a), Florida Statutes (1989), provides:

Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
[4] Section 775.021(4)(b), Florida Statutes (1989), provides:

The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.