ON MOTION FOR REHEARING
PER CURIAM.
We deny appellant’s motion for rehearing, but write only to address appellant’s contention that Gibbs v. State, 698 So.2d 1206 (Fla. 1997), requires reversal of his convictions for trafficking possession under section 893.135(1) (b)2, Florida Statutes (1995) and possession with intent to sell under section 893.13(6)(a), Florida Statutes, based on double jeopardy grounds.
In Gibbs, the supreme court did not recede from State v. McCloud, 577 So.2d 939 (Fla. 1991). The court stated,
[W]e held in McCloud that statutes prohibiting sale and alternatively prohibiting possession contain different elements for purposes of double jeopardy analysis.... [W]e recognize that an alternative conduct statute, such as the cocaine trafficking statute, requires an analysis that breaks the conduct elements into the specific alternative conduct which is in the other statute being compared_ [I]f prosecution is for the same conduct under both statutes, a conviction under more than one of the statutes is a violation of double jeopardy principles.
Gibbs, 698 So.2d at 1209-10.
In this case, the specific elements of the alternative conduct statutes of trafficking possession and possession with intent to sell must be compared. Upon analysis, it is evident that the offenses are separate for double jeopardy purposes because the trafficking possession conviction does not include the intent element contained in appellant’s conviction for possession with intent to sell.
Accordingly, appellant’s motion for rehearing is denied.
DELL and GUNTHER, JJ., and HENNING, PATTI ENGLANDER, Associate Judge, concur.