704 So.2d 1129 (1998)
Muneer KHAN, Appellant,
v.
STATE of Florida, Appellee.
No. 96-4034.
District Court of Appeal of Florida, Fourth District.
January 21, 1998.
Richard L. Jorandby, Public Defender, and David McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
*1130 Robert A. Butterworth, Attorney General, Tallahassee, and Aubin Wade Robinson, Assistant Attorney General, West Palm Beach, for appellee.
DELL, Judge.
Muneer Khan appeals from his convictions and sentences for interfering with custody of a child in violation of section 787.03(1), Florida Statutes (Supp.1994), and removing a minor from the state contrary to a court order in violation of section 787.04(1), Florida Statutes (1993). We affirm appellant's conviction and sentence for removing a minor from the state contrary to a court order. We reverse his conviction and sentence for interfering with custody of a child.
On July 29,1994, appellant failed to return his daughter after a scheduled visitation. It was later discovered that he moved with his daughter to Pakistan. On August 17, 1995, upon reentering the United States, appellant was arrested and charged with interfering with child custody and removing a minor from the state contrary to a court order. A jury found him guilty of both offenses. The court sentenced appellant to two consecutive five year prison terms, suspended four years of the sentence for the violation of section 787.04(1) and the entire sentence for the violation of section 787.03(1), and placed him on probation for consecutive four and five year terms.
Appellant argues that he could not be convicted and sentenced for violations of section 787.03(1)[1] and section 787.04(1)[2] because both offenses are based on the same core conduct and the dual convictions violate the constitutional prohibition against double jeopardy. The state argues that under Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the convictions do not constitute double jeopardy.
Blockburger provides that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional element that the other does not." 284 U.S. at 304, 52 S.Ct. at 182. The Blockburger test has been codified in Florida at section 775.021(4), Florida Statutes (1993), which provides that it is the legislature's intent to "convict and sentence for each criminal offense committed in the course of one criminal episode." However, there are three enumerated exceptions to this test: offenses that require identical elements of proof, offenses that are degrees of the same offense and offenses where the statutory elements of the lesser offense are subsumed by the greater offense. § 775.021(4)(b)1-3, Fla. Stat.
"Absent evidence of clear legislative intent to the contrary, courts presume that where two statutory provisions proscribe the same offense, a legislature does not intend to impose two punishments for that offense." Gibbs v. State, 698 So.2d 1206, 1209 (Fla.1997) (citing Rutledge v. United States, 517 U.S. 292, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996)). See, e.g., Gibbs, 698 So.2d at 1206 (holding that dual convictions were impermissible where both crimes arose from possession of the same cocaine); State v. Anderson, 695 So.2d 309 (Fla.1997) (applied the same rule where both crimes arose out of a violation of the legal obligation to tell the truth and cited several examples of the rule: Thompson v. State, 650 So.2d 969 (Fla. 1994) (both crimes arose from the same sexual battery); Goodwin v. State, 634 So.2d 157 (Fla.1994) (both crimes arose from the same homicide); Sirmons v. State, 634 So.2d 153 (Fla.1994) (both crimes arose from the same theft); Johnson v. State, 597 So.2d 798 (Fla. 1992) (both crimes arose from the same theft); State v. Thompson, 607 So.2d 422 (Fla.1992) (both crimes arose form the same theft)). "Thus, if prosecution is for the same *1131 conduct under both statutes, a conviction under more than one of the statutes is a violation of double jeopardy principles." Gibbs, 698 So.2d at 1210; see also Anderson, 695 So.2d at 310-11.
Although each offense charged in this case involves a separate statutory section, both crimes arise out of the single act of unlawfully taking a child. As noted above, section 787.03(1) punishes one who unlawfully takes a minor child from the custody of her parent, and section 787.04(1) punishes one who takes a child and removes the child from the state contrary to a court order. Both statutes punish the same basic crime and differ only in terms of the degree of the violation. See Gibbs, 698 So.2d at 1208-10; Anderson, 695 So.2d at 310-11. Because both offenses seek to punish the same underlying act, appellant's dual convictions cannot stand. See Art. I, § 9, Fla. Const.; Gibbs, 698 So.2d at 1209-10.
Finally, we need not address the scrivener's error in the written order of probation since we reversed appellant's conviction and sentence pursuant to section 787.03(1). Accordingly, we affirm appellant's conviction and sentence pursuant to section 787.04(1). We reverse appellant's conviction for the violation of section 787.03(1) and remand to vacate his conviction and sentence on this charge.
AFFIRMED IN PART; REVERSED IN PART and REMANDED WITH DIRECTIONS.
WARNER, J., and PARIENTE, BARBARA J., Associate Judge, concur.
NOTES
[1] Section 787.03(1), Florida Statutes (Supp. 1994), provides in relevant part: "Whoever, without lawful authority, knowingly or recklessly takes or entices ... any child 17 years of age or under ... from his parent, his guardian ... or any other lawful custodian commits the offense of interference with custody and shall be guilty of a felony of the third degree...."
[2] Section 787.04(1), Florida Statutes (1993), provides: "It is unlawful for any person, in violation of a court order, to lead, take, entice, or remove a minor beyond the limits of this state, or to conceal the location of a minor, with personal knowledge of the order."