742 So.2d 811 (1999)
Conray AIKEN, Appellant,
v.
STATE of Florida, Appellee.
No. 98-01597.
District Court of Appeal of Florida, Second District.
August 6, 1999.
Michael L. Benito of Fernandez & Benito, P.A., Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.

EN BANC
PER CURIAM.
Conray Aiken appeals his judgment and sentences. Aiken argues that his conviction for aggravated assault with a firearm is barred by the Double Jeopardy Clause because he was also convicted of sexual battery with a firearm and both convictions resulted from the same incident. We affirm Aiken's convictions, but in doing so we recede from the language in Blanchard v. State, 634 So.2d 1118 (Fla. 2d DCA 1994), which indicates that double jeopardy prohibits a conviction for a permissive lesser included offense if a defendant has also been convicted of the greater offense arising out of the same criminal act.
In the present case, the State's evidence at trial showed that Aiken went to his exgirlfriend's home to babysit their daughter. While there, he punched his ex-girlfriend, pointed a gun at her, ordered her to remove her clothes, and raped her on the couch. He then ordered her into the bedroom where he raped her twice more. Aiken was convicted of aggravated assault with a firearm, sexual battery with a firearm, two counts of sexual battery involving the use of threats or force, and battery. The issue outlined above is Aiken's sole issue on appeal.
Section 775.021(4)(b), Florida Statutes (1995), states that it is the intent of the legislature that a defendant be convicted and sentenced for each offense he commits during the course of a single criminal episode. The statute lists three exceptions to this rule of construction. They include:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.

*812 3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
It is the third exception that goes to lesser included offenses. The supreme court in State v. McCloud, 577 So.2d 939, 941 (Fla. 1991), held that "[a]n offense is a lesser-included offense for purposes of section 775.021(4) only if the greater offense necessarily includes the lesser offense." See also Duhart v. State, 724 So.2d 1223 (Fla. 1st DCA 1998). Aiken relies on Blanchard, wherein this court stated:
The same act that constitutes the crime of false imprisonment (grabbing and holding the hand of the victim), also constitutes the crime of battery. Thus, it appears that the battery in this case is a category two lesser included offense of false imprisonment. Therefore, it was error to adjudicate Blanchard guilty of the battery count.
Blanchard, 634 So.2d at 1119. The Blanchard court cited to Sirmons v. State, 634 So.2d 153 (Fla.1994), for the proposition that Blanchard could not be convicted of both battery and false imprisonment. However, Sirmons does not interpret the third exception outlined in section 775.021(4)(b), lesser included offenses, but rather addresses the second exception, offenses which are different degrees of the same offense. Sirmons concluded that grand theft auto and robbery with a weapon, based on the single taking of the same car at knifepoint, were "merely degree variants of the core offense of theft." Id. at 154. The court went on to hold that "Sirmons' dual convictions based on the same core offense cannot stand." Id.
The supreme court in Gibbs v. State, 698 So.2d 1206 (Fla.1997), again applied the core offense test in holding that Gibbs' convictions for both trafficking possession of cocaine and possession of cocaine, both offenses involving the same packages of cocaine, were barred by double jeopardy. The court reasoned that trafficking possession was a degree enhancement of the crime of possession. The Gibbs court, however, stated, "We adhere to our decision in McCloud." Gibbs, 698 So.2d at 1209. The court specifically noted that the holding in McCloud could coexist with the holding in Gibbs. Thus, the Gibbs court reaffirmed McCloud, which held that the exception outlined in section 775.021(4)(b)(3) applies to necessarily included offenses only. We, therefore, recede from the language in Blanchard which states that a defendant may not be convicted of a permissive lesser included offense when he has been convicted of the greater offense, with both offenses arising out of the same criminal act.
In the present case, Aiken's convictions do not come under any of the exceptions outlined in section 775.021(4)(b). Aggravated assault with a firearm and sexual battery with a firearm do not require identical elements of proof. Neither are they degree variants of the same core offense. A person could be raped while unconscious, in which case they would not be the victim of an assault. Lastly, the parties agree that in this instance, aggravated battery is a permissive lesser included offense of sexual battery with a firearm. As determined above, section 775.021(4)(b)(3) applies only where the lesser included offense is a necessarily lesser included offense.
Affirmed.
PATTERSON, C.J., and CAMPBELL, THREADGILL, PARKER, ALTENBERND, BLUE, FULMER, WHATLEY, NORTHCUTT, GREEN, CASANUEVA, SALCINES, STRINGER, and DAVIS, JJ., Concur.