PARKER, Acting Chief Judge.
Nicholas Valentin, pro se, appeals his judgments and sentences for fifteen counts of drug-related offenses. We affirm, without comment, the judgments in fourteen of the counts against Valentin.[1] We reverse count sixteen because it punishes the same crime as count eighteen. 'Further, upon remand, we direct the trial court to reeon-sider Valentin’s sentences in light of Heggs v. State, 759 So.2d 620 (Fla.2000), revised by 759 So.2d 620 (Fla.2000).
Valentin argues that his convictions in count sixteen and count eighteen violate the constitutional prohibition against double jeopardy because they punish the same crime. From the record in this case, it appears that the offenses in count sixteen (delivery of cocaine) and count eighteen (trafficking delivery of cocaine) occurred in the course of one criminal transaction. Under section 775.021(4)(a), Florida Statutes (1997), double jeopardy analysis begins with a determination of whether one of two offenses committed in the course of one criminal transaction requires proof of an element that the other does not. See Gibbs v. State, 698 So.2d 1206, 1208 (Fla.1997). The offense of delivery of cocaine requires a knowing intent to deliver cocaine. See § 893.13(1)(a), Fla. Stat. (1997). The offense of trafficking delivery of cocaine requires a knowing intent to deliver more than twenty-eight but less than 200 grams of cocaine. See § 893.135(1)(b)1.a, Fla. Stat. (1997). Because the quantity element does not constitute a separate element for purposes of double jeopardy analysis, see Gibbs, 698 So.2d at 1209, neither offense requires proof of an additional element. Accordingly, the two separate convictions violate the double jeopardy clause. The State concedes error on this issue.
Although Valentin does not raise the issue, the sentences on some counts may also constitute error because they were calculated under unconstitutional sentencing guidelines. Valentin committed the offenses in this case between May 7, 1997, and July 12, 1997. The trial court sentenced Valentin pursuant to the 1995 sentencing guidelines as amended by chapter 95-184, Laws of Florida. However, the *332 Florida Supreme Court has recently held chapter 95-184 unconstitutional as a violation of the single subject provision of article III, section 6, of the Florida Constitution. See Heggs, 759 So.2d 620. Because Valentin committed some of the offenses within the applicable window period for challenges to the constitutionality of the 1995 sentencing guidelines,[2] he is entitled to reconsideration of his sentences. See Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000).
We affirm the convictions on counts one, two, three, six, thirteen, fourteen, fifteen, seventeen, eighteen, nineteen, twenty-two, twenty-four, twenty-five, and twenty-six. Upon remand, the trial court is directed to strike the conviction and sentence in count sixteen. Further, the trial court is directed to reconsider any sentences in which Valentin may be entitled to resentencing pursuant to Smith.
WHATLEY, J„ and SEALS, JAMES H., Associate Judge, Concur.

. The State charged Valentin and several of his codefendants in one thirty-six count information. We do not address the validity of counts four, five, seven to twelve, twenty, twenty-one, twenty-three, and twenty-seven to thirty-six, because Valentin is not charged with any crimes in those counts.

. The applicable window period is between October 1, 1995, and May 24, 1997. See Trapp v. State, 760 So.2d 924 (Fla.2000).