FULMER, Judge.
Jorge Luis Perez appeals from a resen-tencing hearing held pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). Because the trial court erred in overruling Perez’s objection to the scoresheet calculation, we reverse.
At the resentencing, Perez’s counsel objected to the scoresheet, arguing that the scoring of prior convictions for possession, sale, and trafficking in cocaine, which arose from the same criminal transaction, violated the double jeopardy clause. The State agreed to drop the possession, but not the sale conviction from the score-sheet, relying on Gibbs v. State, 698 So.2d 1206, 1209 (Fla.1997), wherein the supreme court held that a defendant could not be convicted of both trafficking possession of, and simple possession of, the same drugs. *494 The trial court overruled Perez’s objection to the scoring of the sale conviction.
We agree with Perez that it was error to assess points against him for both the trafficking and sale convictions. See Valentin v. State, 775 So.2d 330, 331 (Fla. 2d DCA 2000) (holding that separate convictions for delivery and trafficking in cocaine committed in the course of one criminal transaction violate the double jeopardy clause); see also Brown v. State, 632 So.2d 1052, 1053 (Fla. 5th DCA 1994) (finding error in the assessment of prior record points for theft and receiving stolen property because the offenses involved the same property and Florida law prohibited separate sentences for theft of and receiving the same stolen property). Therefore, on remand 3.6 points that were scored for the sale conviction should be removed from the scoresheet.
Reversed and remanded.
CASANUEVA and SILBERMAN, JJ., Concur.