901 So.2d 1027 (2005)
Opious ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-945.
District Court of Appeal of Florida, Fourth District.
May 25, 2005.
*1028 Carey Haughwout, Public Defender, and Elisabeth Porter, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Laurel R. Wiley, Assistant Attorney General, West Palm Beach, for appellee.
MAY, J.
The defendant appeals his conviction and sentence for possession of cocaine, the lesser included offense of trafficking possession of cocaine, and simple possession of cocaine. He argues, among other things, the two convictions for possession of the same cocaine violate his right against double jeopardy. We agree and reverse the conviction and sentence for possession of cocaine as it relates to the simple possession charge.
A citizen filed a complaint with law enforcement concerning a robbery and aggravated battery. Based on the information received, law enforcement stopped a vehicle in which the defendant was a passenger. The defendant was holding a plastic bag in his right hand.
As the officers approached the car, the defendant fled, dropping the large plastic bag containing 130.4 grams of cocaine. The officers arrested the defendant and conducted a search incident to the arrest. The search revealed five smaller baggies, two containing cocaine and three containing cannabis.
The State charged the defendant with armed kidnapping, robbery with a firearm, aggravated battery with a deadly weapon, trafficking possession of cocaine (the 130.4 grams found in the large bag), possession of cocaine (the two baggies), and possession of cannabis (the three baggies).
The jury acquitted the defendant on all the robbery-related charges. It found the defendant guilty of possession of cocaine, a lesser included offense of trafficking possession of cocaine, and guilty as charged on the simple possession of cocaine and cannabis charges. The court sentenced the defendant to five years on the two possession of cocaine charges to run concurrently, and to time served on the cannabis charge.
The defendant argues the constitutional protection against double jeopardy prohibits his conviction on two counts of possession for the same cocaine. We agree.
The constitutional protection against double jeopardy prevents a person from (1) being tried and convicted twice for the same crime, and (2) receiving multiple punishments for the same offense. See Hall v. State, 823 So.2d 757 (Fla.2002). While the State independently charged the defendant based upon the cocaine having been separately packaged, the defendant was nevertheless convicted of two possession of cocaine charges.
Our supreme court has held that a defendant cannot be convicted of both trafficking possession of cocaine and simple possession of the "same" cocaine. Gibbs v. State, 698 So.2d 1206 (Fla.1997). Specifically, the supreme court held a defendant could not be dually convicted of simple possession of cocaine found on his person and trafficking possession for a larger amount of cocaine found in his vehicle during a subsequent search. See id. *1029 The court found the two possession charges did not include "a separate element which allows the dual prosecution of both trafficking possession and simple possession arising out of the possession of the same cocaine." Id. at 1209. Using this analysis, we find the defendant in this case cannot be convicted twice of possessing the same cocaine. See id.; see also Trice v. State, 755 So.2d 808 (Fla. 3d DCA 2000).
The State claims the defendant invited the error by requesting a jury instruction on the lesser included offense of possession. See Shingledecker v. State, 734 So.2d 483 (Fla. 4th DCA 1999) (a party cannot complain about an error it invited). Florida's standard jury instructions, however, classify possession of cocaine as a category two lesser included offense of trafficking possession of cocaine. See Fla. Std. Jury Instr. (Crim.), Schedule of Lesser Included Offenses, 641 (4th ed. 2003). It would have been error for the court to have denied the defendants request. See Amado v. State, 585 So.2d 282 (Fla.1991).
We therefore reverse the conviction on the simple possession of cocaine charge and remand the case to the trial court to vacate that conviction and sentence. We affirm the remaining convictions, finding no merit in the other issues raised.
WARNER and GROSS, JJ., concur.