916 So.2d 824 (2005)
Tasha W. HOWARD, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-3569.
District Court of Appeal of Florida, Second District.
June 8, 2005.
James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Tasha W. Howard challenges her judgments and sentences for possession of methamphetamine and trafficking in amphetamine *825 or methamphetamine. She argues correctly that she may not be convicted and sentenced for both possession and trafficking because the evidence proved only a single count of trafficking.
The deputy found two quantities of methamphetamine. The first was three-quarters of an ounce that the deputy found in Howard's pocket when he arrested her as she stood by a tree. The second was 14.9 grams found in a Crown Royal bag that was discovered near the tree and that Howard identified as belonging to her.
Although the State argues that Howard's convictions and sentences on the two offenses are permissible because she acquired the two amounts at different times, that is not the law. Pursuant to Gibbs v. State, 698 So.2d 1206 (Fla.1997), and Sims v. State, 793 So.2d 1153 (Fla. 4th DCA 2001), a defendant cannot be convicted of trafficking and possession of the same drugs. Where, as here, the trafficking offense is based on possession, the conduct element is the same for both trafficking and possession.
We therefore conclude that the trial court erred in entering convictions for both simple possession of methamphetamine and trafficking in methamphetamine. We affirm Howard's judgment and sentence for trafficking in methamphetamine, but we reverse Howard's judgment and sentence for possession of methamphetamine and remand for further proceedings consistent with this opinion.
Affirmed in part, reversed in part, and remanded.
CANADY, J., and SCHEB, JOHN M., Senior Judge, Concur.