906 So.2d 331 (2005)
Alshon BRADSHAW, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-2493.
District Court of Appeal of Florida, Third District.
July 6, 2005.
Bennett H. Brummer, Public Defender, and Harvey J. Sepler, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Lucretia A. Pitts, Assistant Attorney General, for appellee.
Before GREEN, SUAREZ, and ROTHENBERG, JJ.
*332 PER CURIAM.
The appellant was charged by information with possession of a controlled substance; conspiracy to traffic an illegal drug; and trafficking an illegal drug. After a jury trial, the appellant was convicted of possession of a controlled substance and trafficking an illegal drug. He was acquitted of conspiracy to traffic an illegal drug. Appellant was sentenced to five years in prison for the possession conviction and to a concurrent fifteen year minimum mandatory sentence for the trafficking conviction.
On appeal, the appellant first asserts that the trial court abused its discretion when it admitted certain photographs as impeachment evidence during the state's rebuttal; the trial court had excluded the photographs earlier as a remedy for the State's Richardson[1] violation. Appellant argues that the Florida Supreme Court has recognized that Richardson protections are also fully applicable to impeachment evidence. See Smith v. State, 500 So.2d 125, 127 (Fla.1986). On the record before us, however, we conclude that any error in this regard was harmless. See State v. DiGuilio, 491 So.2d 1129, 1136 (Fla.1986).
The appellant next asserts, and the State properly concedes, that under Gibbs v. State, 698 So.2d 1206 (Fla.1997), the convictions and sentences for both possession and trafficking in the same heroin violate double jeopardy and cannot stand. Accordingly, we vacate the conviction and sentence for simple possession and remand with instructions to dismiss this count.
Finally, the appellant argues that his sentence for the trafficking count cannot stand because the statute under which it was imposed, section 893.135, Florida Statutes, as amended by chapter 99-188, Laws of Florida, is unconstitutional for violating the single-subject rule. See Taylor v. State, 818 So.2d 544 (Fla. 2d DCA 2002). We previously reached a contrary conclusion in State v. Franklin, 836 So.2d 1112 (Fla. 3d DCA 2003), and certified conflict with Taylor. In Franklin v. State, 887 So.2d 1063 (Fla.2004), the Florida Supreme Court affirmed our decision that there was no constitutional impairment to this statute. Accordingly, we find no merit to the appellant's final argument on appeal.
For the foregoing reasons, we affirm in part, vacate in part, and remand with instructions.
NOTES
[1] See Richardson v. State, 246 So.2d 771 (Fla.1971).