917 So.2d 378 (2005)
Marcos CHARNECO, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-5098.
District Court of Appeal of Florida, Second District.
December 30, 2005.
*379 James Marion Moorman, Public Defender, and Carol J.Y. Wilson, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Marcos Charneco challenges his conviction for possession of heroin on double jeopardy grounds because his arrest for possession of heroin also resulted in his conviction for trafficking in heroin, based on possession of a trafficking amount. The State properly concedes error. Accordingly, we reverse Charneco's conviction and sentence for possession of heroin contained in count three of his judgment and sentence.
At the outset we observe that, despite his entry of a guilty plea, Charneco is entitled to raise this claim because the double jeopardy violation is apparent from the record, Charneco entered an open plea, and he did not waive the issue. See Novaton v. State, 634 So.2d 607, 609 (Fla.1994); Williamson v. State, 859 So.2d 553 (Fla. 1st DCA 2003).
Charneco was arrested after officers discovered 12.6 grams of heroin in his apartment and three grams of heroin on his person. The offense of possession of heroin must be reversed because one cannot be convicted of the offense of trafficking by possession and the offense of possession of the same type of drugs where the drugs in question were found in different locations during one arrest. See Howard v. State, 916 So.2d 824 (Fla. 2d DCA 2005); see also Gibbs v. State, 698 So.2d 1206 (Fla.1997); Sims v. State, 793 So.2d 1153 (Fla. 4th DCA 2001).
We therefore reverse Charneco's conviction and sentence for possession of heroin contained in count three of the judgment and sentence; we otherwise affirm.
Affirmed in part; reversed in part.
FULMER, C.J., and STRINGER, J., Concur.