933 So.2d 692 (2006)
Carlton Kent McADORY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-3856.
District Court of Appeal of Florida, Second District.
July 21, 2006.
*693 Summer G. Vecchioli of The Fleming Law Group, P.A., St. Petersburg, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Tiffany Gatesh Fearing, Assistant Attorney General, Tampa, for Appellee.
SALCINES, Judge.
Carlton Kent McAdory appeals his convictions for trafficking in cocaine and for possession of cocaine. We affirm the judgment and sentence for trafficking in cocaine without further comment, but reverse the judgment and sentence for possession of cocaine.
The vehicle McAdory was driving was stopped by the Pinellas County Sheriff's Office as part of a sting operation involving a confidential informant. Located in the vehicle was an envelope containing more than twenty-eight grams of cocaine. When McAdory was searched he was found to have crack cocaine weighing less than one gram in the brim of the hat he was wearing, an additional amount of crack cocaine weighing less than one gram in a pocket of his pants, and two rocks of crack cocaine weighing less than one gram in the niche of the driver's door handle. McAdory was convicted of both trafficking in cocaine and possession of cocaine.
When two crimes are degree variants of the same underlying crime, conviction for both violates double jeopardy. See Gibbs v. State, 698 So.2d 1206, 1209 (Fla. 1997). The underlying crime in both trafficking in cocaine and simple possession of cocaine is the possession of an illegal drug. Id. Dual convictions for trafficking and for simple possession of the same type of drugs, found at the same time, even though found in different locations, cannot stand. See Charneco v. State, 917 So.2d 378, 379 (Fla. 2d DCA 2005); Howard v. State, 916 So.2d 824, 825 (Fla. 2d DCA 2005); see also Johnson v. State, 712 So.2d 380 (Fla.1998). Accordingly, we reverse the judgment and sentence for simple possession of cocaine. We affirm the judgment and sentence for trafficking in cocaine.
Affirmed in part, reversed in part, and remanded for further proceedings.
ALTENBERND and SILBERMAN, JJ., Concur.