WELLS, J.
 

 Ivan Mantilla appeals from his conviction for possession of cannabis, claiming the jury’s decision amounted to a true inconsistent verdict. We agree and reverse.
 

 In April 2006, Mantilla was arrested after police officers, responding to a possible home invasion/robbery call, discovered, through a bashed wall, marijuana growing in the garage of Mantilla’s rented home. Mantilla claimed that he had no way to enter the garage, which could not be accessed from the interior of the home. Rather, Mantilla maintained that the garage was occupied by some other individual, whom he saw infrequently, and the only way to enter the garage was through its locked exterior door, a door to which he claimed to have no access.
 
 [1]
 

 Mantilla subsequently was charged with trafficking in cannabis in an amount greater than 25 but less than 2000 pounds (Count I); possession with the intent to
 
 *198
 
 sell cannabis (Count II); and, simple possession of more than 20 grams of cannabis (Count III).
 

 At the end of the trial, standard jury instructions on possession with intent to sell and possession were given to the jury. The jury also was instructed that possession of more than 20 grams of cannabis as well as possession of less than 20 grams of cannabis were lesser included offenses.
 

 In keeping with these instructions, as to Count I, the trafficking charge, the verdict form asked the jury to determine not just whether Mantilla possessed more than 25 pounds of cannabis with the intent to sell it as required for a conviction under section 893.135(l)(a), Florida Statutes (2009), but also whether he possessed between 20 grams and 25 pounds or less than 20 grams as lesser included offenses.
 
 [2]
 
 As to Count III, the simple possession charge, the jury was also asked to determine whether Mantilla possessed more than 20 grams of cannabis or less than 20 grams of cannabis as a lesser included offense of simple possession.
 
 [3]
 

 The jury, apparently confused by the instructions and this verdict form, posed the following question during deliberations:
 

 Does the definition of trafficking imply only an amount greater than 25 pounds? If so why are charge options of less than 25 pounds given under the general charge of trafficking.
 

 In response, the Court correctly advised the jury that trafficking in cannabis applies only where more than 25 pounds of cannabis is involved. The Court did not, however, correctly address the jury’s concern about the more than 20 grams but less than 25 pounds and less than 20 grams “options,” which appeared as both part of the trafficking charge and the simple possession charge on the verdict form. Rather, the Court simply advised that if the jury did not believe that the State proved that Mantilla possessed more than 25 pounds of cannabis, that it was to determine whether or not he had any cannabis, and if so, how much.
 

 The jury returned a verdict finding Mantilla not guilty on the trafficking charge (Count I) but guilty for possession of more than 20 grams of cannabis (Count III):
 

 We, the jury find[] as follows as to Count I, trafficking in cannabis.
 

 (Check only one as to this count)
 

 a. The defendant is guilty of possession of cannabis in excess of 25 pounds as charged in the information.
 

 b. The defendant is guilty of possession of cannabis in excess of 20 grams but less than 25 pounds as a lesser included offense.
 

 c. The defendant is guilty of possession of cannabis in an amount less than 20 grams as a lesser included offense.
 

 X d. The defendant is not guilty.
 

 [[Image here]]
 

 We, the jury, find as follows, as to Count III, Unlawful Possession of Cannabis:
 

 (Check only one as to this count)
 

 X a. The defendant is guilty of possession of cannabis in an amount greater than 20 grams.
 

 b. The defendant is guilty of possession of cannabis in an amount less than 20 grams as a lesser included offense.
 

 c. The defendant is not guilty.
 

 
 *199
 
 Mantilla claims that the jury’s conclusion that he was not guilty of trafficking as charged in Count I for possessing (a) more than 25 pounds of cannabis; (b) between 20 grams and 25 pounds — that is more than 20 grams — of cannabis; and (c) less than 20 grams of cannabis, is truly inconsistent with its determination that he was guilty of simple possession as charged in Count III for possessing more than 20 grams of cannabis. We agree.
 

 As a general rule, inconsistent verdicts are permitted in this state. However, an exception exists where a true inconsistency, that is, where an acquittal on one count negates an element necessary for conviction on another, exists:
 

 As a general rule, inconsistent jury verdicts are permitted in Florida. Inconsistent verdicts are allowed because jury verdicts can be the result of lenity and therefore do not always speak to the guilt or innocence of the defendant.
 
 See Eaton [v. State,
 
 438 So.2d 822, 823 (Fla.1983) ].
 

 This Court has recognized only one exception to the general rule allowing inconsistent verdicts. This exception, referred to as the “true” inconsistent verdict exception, comes into play when verdicts against one defendant on legally interlocking charges are truly inconsistent. As Justice Anstead explained when writing for the Fourth District Court of Appeal in
 
 Gonzalez, [v. State,
 
 440 So.2d 514 (Fla. 4th DCA 1983) ] true inconsistent verdicts are “those in which an acquittal on one count negates a necessary element for conviction on another count.” 440 So.2d at 515.
 

 Brown v. State,
 
 959 So.2d 218, 220-21 (Fla.2007) (quoting
 
 State v. Powell,
 
 674 So.2d 731, 732-33 (Fla.1996)) (citations omitted).
 

 In this case, Mantilla was found not guilty in Count I of possessing more than 20 grams of cannabis. Because an acquittal on Count I negated all of the elements essential to a simple possession conviction of the exact same amount of cannabis as charged in Count III, he could not be convicted on that count.
 
 See Gibbs v. State,
 
 698 So.2d 1206, 1209 (Fla.1997) (stating “[w]e do not find that the quantity requirement of trafficking possession is a separate element which allows dual prosecution of both trafficking possession and simple possession arising out of the same [illegal substance]”)
 
 [4]
 
 ;
 
 Robinson v. State,
 
 901 So.2d 1027, 1028 (Fla. 4th DCA 2005), citing
 
 Gibbs,
 
 698 So.2d at 1206 and observing “Our supreme court has held that a defendant cannot be convicted of both trafficking possession of cocaine and simple possession of the ‘same’ cocaine.”);
 
 see also Redondo v. State,
 
 403 So.2d 954, 956 (Fla.1981) (holding that defendant, acquitted of all felony charges, could not be convicted for unlawful possession of a firearm during commission of a felony);
 
 State v. Jimenez,
 
 542 So.2d 430, 431 (Fla. 3d DCA 1989) (holding that “acquittal on the charge of first-degree murder and a conviction on the charge of possessing a fire
 
 *200
 
 arm while committing the same first-degree murder, are obviously inconsistent”).
 

 Moreover, “[v]erdicts rendered in criminal cases are required to be certain and should signify a definite meaning devoid of ambiguity.”
 
 Channell v. State,
 
 107 So.2d 284, 287 (Fla. 2d DCA 1958). “Where there is a critical deficiency in the verdict process, a court cannot infer or assume the jury’s interpretation.”
 
 Hills v. State,
 
 994 So.2d 412, 413 (Fla. 3d DCA 2008). Here, we cannot say with certainty, what the jury’s intention was for the jury found Mantilla both not guilty and guilty of the same charge. And, while either party might have recognized the error and sought to correct the verdict form, a careful reading of the transcript supports Mantilla’s position that he did not invite the error.
 
 See Brown,
 
 959 So.2d at 223.
 

 Accordingly, Mantilla’s conviction and sentence is reversed.
 

 [1]
 

 . A key that opened that door was, however, located in a dresser drawer in the master bedroom of the house during a search conducted pursuant to a search warrant.
 

 [2]
 

 . These are not lesser included offenses of a trafficking in cannabis charge but the separate crime of simple possession.
 
 See
 
 § 893.135(1)(a), § 893.13(6)(a), Fla. Stat. (2009).
 

 [3]
 

 . We do not address the verdict form as to Count II for possession with intent to manufacture or sell since Mantilla was found not guilty on this count and raises no claims regarding the verdict on this charge.
 

 [4]
 

 . The defendant in
 
 Gibbs
 
 was convicted of trafficking possession of cocaine, that is possession of more than 28 grams but less than 400 grams of cocaine in violation of section 893.135(1)(b) of the Florida Statutes and for simple possession of the same controlled substance under section 893.13(6)(a), Florida Statutes (2009). But for the illegal substance involved, the crimes charged here are the same as those charged in
 
 Gibbs. See
 
 § 893.135(1)(a), Fla. Stat. (2009) (defining trafficking in cannabis and making it a felony of the first degree to possess more than 25 pounds of cannabis): § 893.135(1)(b), Fla. Stat. (2009) (defining trafficking in cocaine and making it a felony of the first degree to possess 28 or more grams of cocaine); § 893.13(6)(a), Fla. Stat. (2009) (making it unlawful to possess a controlled substance).