VILLANTI, Judge.
Cary Aubuchon appeals his convictions and sentences for attempted trafficking in oxycodone, 28 grams to 30 kilograms, and simple possession of oxycodone, contending that the dual convictions violate double jeopardy.[1] The State has properly conceded that the dual convictions for attempted trafficking and possession violate double jeopardy, and we therefore vacate *57 the possession conviction and remand for resentencing.
The facts at trial established that in late February 2010 Aubuchon made arrangements with a drug seller to purchase 400 oxycodone pills for $2000. The weight of this number of pills was determined after the fact to be approximately 50 grams. When Aubuchon arrived at the delivery location, the seller handed him a bottle containing only 39.5 pills for Aubuchon to inspect. Aubuchon accepted the bottle and gave the seller $1900 in cash. The seller then left, purportedly to get the remainder of the pills. However, unbeknownst to Aubuchon, the seller was an undercover police officer, and as the “seller” walked away, other officers surrounded Aubuchon and arrested him. He was charged with attempting to traffic in oxy-codone between 28 grams and 30 kilograms by purchase or possession based on his “agreement” with the “seller” to purchase 400 pills. He was also charged with trafficking in oxycodone, 4 to 14 grams, by purchase or possession based on his actually taking possession of 39.5 pills. The jury found Aubuchon guilty as charged of the attempted trafficking but guilty only of possession as a lesser included offense of the trafficking charge. Thus, the jury found that while Aubuchon attempted to purchase and/or possess 400 oxycodone pills, he was only successful at possessing some number of pills of undetermined weight. The trial court subsequently sentenced Aubuchon to 60 months in prison on each of the convictions.
In this appeal, Aubuchon argues that his convictions for both attempted trafficking and simple possession of the same pills violate double jeopardy. The State has properly conceded error based on the facts of this case.
“[Ajnalysis of the double jeopardy issue is to be done by a comparison of the statutory elements of a crime.” Gibbs v. State, 698 So.2d 1206, 1208 (Fla.1997). This analysis is somewhat more complex when dealing with an “alternative conduct statute,” such as the trafficking statute. In that instance, the supreme court has held:
[W]e recognize that an alternative conduct statute, such as the cocaine trafficking statute, requires an analysis that breaks the conduct elements into the specific alternative conduct which is in the other statute being compared. The conduct element of the trafficking statute is not compared by considering the entire range of conduct including possession, sale, purchase, and delivery, but rather by comparing only trafficking possession with simple possession. This is a different situation from a case in which the defendant is charged with both trafficking sale and simple possession, because the sale element of the trafficking statute differs from the elements in the simple possession statute. Thus, if prosecution is for the same conduct under both statutes, a conviction under more than one of the statutes is a violation of double jeopardy principles.
Id. at 1209-10 (emphasis added). Thus, a defendant cannot be convicted of trafficking by possession and simple possession of the same drugs, see Howard v. State, 916 So.2d 824, 825 (Fla. 2d DCA 2005), and this is true even when the drugs are packaged in multiple packages and carried separately, see Gibbs, 698 So.2d at 1207-09 (finding that double jeopardy prohibited dual convictions for trafficking by possession of a large quantity of drugs in trunk of car and simple possession of a smaller quantity on person); Robinson v. State, 901 So.2d 1027, 1028-29 (Fla. 4th DCA 2005) (finding that double jeopardy prohibited dual convictions for trafficking by pos *58 session of large bag of cocaine and simple possession of a separate smaller bag of cocaine).
Here, the State charged Aubuchon with one count of attempted trafficking by purchase or possession and one count of trafficking by purchase or possession. Both charges alleged the same conduct — purchase or possession — although they alleged different quantities of the same drug. Since the quantity requirement is not a separate element of the trafficking offenses, see Gibbs, 698 So.2d at 1209, and since both counts charged the identical conduct (purchase or possession), conviction under more than one of these statutes constituted a violation of double jeopardy.
Moreover, the fact that the jury actually convicted Aubuchon of the lesser offense of possession of oxycodone on the trafficking charge does not change the analysis in this case. While it is true that the attempted trafficking count charged either purchase or possession, the jury was not asked to make a finding as to which conduct — purchase or possession — it found that Aubu-chon committed. Thus, it is entirely possible that the jury found Aubuchon guilty of attempted trafficking by possession as well as simple possession of the same oxyco-done. If so, these dual convictions would be barred by double jeopardy. See Howard, 916 So.2d at 825 (holding that convictions for trafficking by possession and simple possession of the same drugs violated double jeopardy). And while our result might have been different had the jury made a specific finding that Aubuchon purchased 400 pills but only possessed 40, no such specific jury finding was made in this case. Therefore, because “[w]e must read the verdict in a manner which would give the benefit of the doubt to” the defendant, State v. Reardon, 763 So.2d 418, 419 n. 3 (Fla. 5th DCA 2000) (citing Valentine v. State, 688 So.2d 313, 317 (Fla.1996)), we must conclude that the dual convictions violate double jeopardy. See, e.g., Latimer v. State, 44 So.3d 1239, 1240 (Fla. 5th DCA 2010) (holding that convictions for robbery and simple assault violated double jeopardy when robbery could be committed by “the use of force, violence, assault or putting in fear” and the verdict form required no finding as to whether the robbery was committed by assault or some other use of force or violence); Torna v. State, 742 So.2d 366, 367 (Fla. 3d DCA 1999) (holding that convictions for “burglary with an assault and/or battery” and simple battery violated double jeopardy because the verdict form “contained no indication as to whether the jury had found that Torna had committed a ‘burglary with an assault’ or a ‘burglary with a battery’ ” and “we cannot now guess what the jury was thinking”). Accordingly, we agree with the State’s concession of error on this issue.
The more difficult question is which conviction should be vacated. The general rule is that “[w]hen an appellate court determines that dual convictions are impermissible, the appellate court should reverse the lesser offense conviction and affirm the greater.” Pizzo v. State, 945 So.2d 1203, 1206 (Fla.2006) (citing State v. Barton, 523 So.2d 152, 153 (Fla.1988)). In most cases, “lesser offenses ‘are those in which the elements of the lesser offense are always subsumed within the greater, without regard to the charging document or evidence at trial.’ ” Pizzo, 945 So.2d at 1206 (quoting State v. Florida, 894 So.2d 941, 947 (Fla.2005), and citing § 775.021(4), Fla. Stat. (1997)). In addition, under section 775.031(4)(b)(2), an attempt to commit an offense is considered to be subsumed within the completed offense because the offense of attempt is usually a degree variant of the primary offense. See, e.g., Valdes v. State, 3 So.3d 1067, 1077 (Fla.2009) (holding that section 775.021(4)(b)(2) *59 applies to offenses that are different degrees of the same offense); cf. Partch v. State, 43 So.3d 758, 762 (Fla. 1st DCA 2010) (noting that the offenses of sexual battery and attempted sexual battery are degrees of the same crime, so conviction of both violated double jeopardy). On these unusual facts, however, the usual analysis does not provide a clear answer.
To convict of attempted trafficking by possession, the State had to prove that Aubuchon knowingly attempted to possess four grams or more of oxycodone and that Aubuchon knew the substance was oxycodone, but some act interrupted him from purchasing it. See § 893.135(l)(c)(l), Fla. Stat. (2010). To convict Aubuchon of possession, the State had to prove that Aubuchon was in actual or constructive possession of some quantum of a controlled substance. See § 893.13(6). Neither of these offenses is strictly subsumed into the other, and they are not strictly degrees of the same offense.
However, from a practical and factual perspective, Aubuchon’s “possession” of the 39.5 pills was simply a small part of his larger attempt to obtain his full order of 400 pills. Aubuchon “ordered” 400 pills, he arrived at the designated location with payment for 400 pills, the “seller” accepted $1900 for the 400 pills but made only a partial delivery, and Aubuchon remained where he was, waiting for the remainder of his “order.” Thus, his brief possession of the 39.5 pills was not a separate completed offense but was simply an intermediate part of the offense of attempting to possess all 400 pills. The “installment plan” delivery system unilaterally imposed by the police officer does not change this analysis. Therefore, on these unusual facts, we can only conclude that the possession conviction is the “lesser” of Aubuchon’s two convictions. Accordingly, we vacate the conviction for possession of oxy-codone and remand for resentencing.
Affirmed in part, vacated in part, and remanded for resentencing.
SILBERMAN, C.J., and KELLY, J., Concur.

. Aubuchon also argued that the evidence was insufficient to establish that he possessed the oxycodone in question. Our resolution of this case renders that argument moot.